FREAS *v.* LAKE et al.

PRACTICE — *pleas and demurrer thereto abandoned by going to trial.* If issues of fact and of law are joined in an action of replevin and the parties proceed to trial upon the issues of fact without disposing of the issues of law, these last are waived.

VERDICT — *what is sufficient in replevin.* In replevin tried to the court without a jury, a finding for defendants sufficiently determines issues joined upon *non cepit* and property in a stranger.

### *Error to District Court, Gilpin County.*

PLAINTIFF IN ERROR, who was also plaintiff in the court below, alleged that the defendants took and detained certain goods of the plaintiff of the value of $396. To this the defendants pleaded:

1. That they did not take or detain the said goods.

2. That the property in the said goods was at the time when, etc., in them the said defendants, etc.

3. That the property in the said goods was at the time when, etc., in Clinton M. Tyler, etc.

4. That the goods were delivered to Tyler to be transported for hire from a certain point therein named to a certain other point, and claiming a lien for freight money, etc.

The plaintiff demurred to the second and fourth pleas, but no action was taken upon the demurrer. Issue was joined upon the first and third pleas, and upon these issues the cause was tried to the court without a jury on the 5th day of May, 1873.

The record, after reciting that the cause was submitted to the court for trial, and that the court heard evidence and the arguments of counsel, contains the following: "And being sufficiently advised in the premises, finds for the defendants." To this was added the judgment.

Mr. J. N. WILCOXEN, for plaintiff in error.

Mr. WILLARD TELLER, for defendant in error.

WELLS, J.   The parties proceeded to trial without insisting upon a disposition of the issue of law joined on the second and fourth pleas.   The defendant, therefore, in effect abandoned those pleas, and the issue of law before joined thereon was no longer presented.   The case stands precisely as if the defendants had formally withdrawn the pleas, or as if they had never been interposed.   The evidence warrants the conclusion that the warehouseman, Loveland, had authority to deliver the plaintiff's freight to the carrier, Tyler, to be carried at reasonable freights; that the freights demanded by the carrier in this instance were reasonable; that for the refusal of plaintiff to pay these freights, the carrier detained the goods, and delivered them to the defendants to be stored, and that defendants held the goods solely as the bailee of the carrier.   This maintained the issue tendered by the defendants in their third plea.   The general finding of the issue for the defendants responds as well to the issue joined on the traverse of the plaintiff's property, as that joined on the plea of not guilty.   The case is distinguishable from *Machette* v. *Wanless*, 1 Col. 225 ; the verdict there was not guilty, simply, which was properly held not to answer the traverse of the property to the plaintiff.   This cannot be affirmed of the finding in the present case.

The judgment is affirmed with costs.

*Affirmed.*