[No. 321. Decided January 18, 1892.]

Samuel Livesley and Margaret Livesley, *Respondents*,
v. Morgan P. O'Brien, *Appellant.*

CONTRACTS—CONSTRUCTION—QUESTION FOR COURT—DEFECTIVE COMPLAINT
—CURED BY JUDGMENT.

The construction of a written contract being a question of law for
the court to pass upon, it is not error to refuse to allow the jury to
construe it.

Defendant contracted with plaintiffs in writing to deliver to
them 2,350 pounds of hops between the 1st and 31st of October, in
the years 1890 and 1891, in consideration of $700, the price of a horse
sold him by plaintiffs. He gave two notes of $350, due on October
20, in the years 1890 and 1891, respectively. The contract contained
the following indorsement: "This contract is secured by two notes
of same date, said notes to be canceled upon delivery of the hops."
The complaint did not set forth the indorsement on the contract.
It avers a *tender of the note* due at the time demand for the hops was
made, but failed to allege that the tender was kept good. Defend-
ant demurred to the complaint, but the demurrer was dropped from
the calendar for want of prosecution. Plaintiffs offered in evidence
the indorsement, and defendant also desiring its admission, the
whole contract and indorsement, together with the note due, were
admitted in evidence without objection. Upon rendering judgment
the court ordered the note canceled. *Held,* That the demurrer went
for nothing because of the failure to prosecute, and that the defect
in the complaint was cured by the action had at the trial regarding
the note.

*Appeal from Superior Court, King County.*

Action by Samuel and Margaret Livesley against Morgan
P. O'Brien to recover on a certain hop contract. Judgment
for plaintiffs, and defendant appeals.

*Stratton, Lewis & Gilman,* for appellant.
*Thompson, Edsen & Humphries,* for respondents.

The opinion of the court was delivered by

Scott, J.—The respondents sold the appellant a horse,
in the spring of 1889, for certain hops, to be delivered by

the appellant in the two succeeding years.  A written contract was entered into, whereby the appellant bound himself to deliver to the respondents 2,350 pounds of hops in October, in each of the years 1890 and 1891, said hops to be raised by the appellant; and in case of the loss thereof before delivery the appellant was to pay the respondents $700 in money.  Two notes were executed therefor by the appellant to the respondents, each for the sum of $350, payable October 20, 1890 and 1891, respectively, and the following indorsement with reference thereto was made upon the contract: "This contract is secured by two notes given by Morgan P. O'Brien of same date, said notes to be canceled upon delivery of the hops," which indorsement was subscribed by the respondents.  When the contract was entered into, hops were worth but fifteen cents per pound; when the time came to deliver the first quantity specified, they had risen in value to forty cents per pound.  The appellant tendered the respondents $350 in money and demanded the first note due.  The respondents demanded the hops of the appellant, he having the same on hand, and upon his failure to deliver them they brought this action, and recovered a judgment against him for $855.35, their value at the time they were to have been delivered, with interest.  Paragraphs one, two and three of the complaint set up the contract, and it was set forth in full, excepting the indorsement.  The contract is contained in the record, and was a printed form with the blank spaces filled in writing.  Omitting the indorsement above given, it reads as follows:

"Hop Contract.—This agreement, made and entered into this 23d day of April, A. D. 1889, by and between Morgan P. O'Brien, of White River, county of King, and Territory of Washington, party of the first part, and Samuel Livesley and Margaret Livesley, of Seattle.

"Witnesseth, that the said party of the first part, for and in consideration of the sum of seven hundred dollars,

in hand paid by the parties of the second part, the receipt whereof is hereby acknowledged; does hereby agree to sell and does hereby sell and agree to deliver, or cause to be delivered, to the said parties of the second part, their heirs or assigns, to sell and deliver, between the first and 31st day of Octobor, in each of the following named years, 1890 and 1891, at the Northern Pacific Railroad warehouse, or on board the cars, free of charge, when said parties of the second part shall direct, at Orillia, Washington Territory, two thousand, three hundred and fifty (2,350) pounds of hops, at 15c. per lb., of the growth of the year in which they shall be delivered, and more particularly known as the hops raised and grown by the said Morgan P. O'Brien in the year in which they are delivered, each bale of said hops to contain about one hundred and eighty to two hundred pounds of hops; the said hops shall be of strictly choice and merchantable quality, of even color, well and cleanly picked, and well cured, but not high dried.

"It is understood and agreed that under this contract the hops are not to be from the first year's planting, and also that seven pounds tare shall be deducted from each bale.

"It is further agreed that the said party of the first part shall keep the hops insured in some responsible insurance company, from the time the same are picked until delivered, such insurance to be for the benefit of the said parties of the second part. And should said party of the first part fail to keep said hops so insured, then the parties of the second part may insure them, and the money paid for such insurance shall be deducted from the purchase price of said hops.

"It is hereby agreed by and between the said parties that in case of loss of said hops by fire, wind, storm or otherwise, before delivery, the party of the first part, his heirs, executors, administrators or assigns, shall and will immediately repay to the party of the second part, or their heirs or assigns, all the moneys heretofore paid to the said party of the first part under this contract.

"In witness whereof, the said parties have hereunto set their hands and seals the day and year first above written.— MORGAN P. O'BRIEN, SAMUEL and MARGARET LIVESLEY,

per SAMUEL LIVESLEY. Signed, sealed and delivered in presence of W. M. EMERSON."

No question was made as to the consideration for the hops having been the horse, as aforesaid. The following paragraphs of the answer show the nature of the defense offered:

"I. That he denies all the matters and things set forth in paragraph one, save and except that this defendant did enter into a contract with the plaintiffs under which certain hops were to be delivered to the plaintiffs.

"II. Denies all the matters contained in paragraph two of said complaint, except that the worth and value of seven hundred dollars ($700) was to be given this plaintiff by said defendant.

"III. Denies all the matters contained in paragraph three of said complaint, except as in hereinafter admitted in the affirmative defense herein.

"1. That on the said 23d day of April, 1889, this defendant, desiring to obtain a horse from the said plaintiff, the said horse being a stallion, and plaintiff exacting a demand for said horse of seven hundred dollars ($700), and this defendant, not having the said seven hundred dollars ($700), the said plaintiff did propose to take the said seven hundred dollars ($700) in hops, which were to be delivered at a certain date, as when the same were picked and cured by this defendant; that the said hops were worth fifteen cents per pound, and it required four thousand, six hundred and sixty-six pounds of hops to make the said seven hundred dollars.

"2. That for the said seven hundred dollars ($700) the said defendant did agree to give to the said plaintiff hops to the amount of seven hundred dollars; that this defendant was to give said plaintiff the sum of seven hundred dollars in hops, and no more.

"3. That the said contract pleaded by the said plaintiff was made at a time, as plaintiff well knew and understood, with this defendant, solely and only as security for the payment of the said horse, and for the payment of the said sum of seven hundred dollars, and no more."

The execution of the contract was admitted, and the defense went entirely to the construction that should be given it. It was not attacked upon any of the recognized grounds upon which contracts have heretofore been set aside or reformed, but the appellant sought to prove what it meant, or what he understood it to mean, and he wanted the jury to find upon this and return a verdict accordingly. To this end some testimony was introduced, and a number of requests to charge were submitted. The judge, however, held it to be a question of law, and we have stated the effect of the contract as he construed it. The points raised by the appellant, with one exception, which will be noticed later, depend upon his theory of the case, that the contract was one for the jury to construe, and they all stand or fall upon this proposition. This being so, only enough of them will be given to show the character of the defense interposed.

The appellant alleges the court erred in not giving certain instructions submitted by appellant, which are as follows:

"I charge you that the plaintiffs cannot recover in this case of the defendant if, as a matter of fact, the contract sued on was but a contract for seven hundred dollars, or for the security of a note for the amount of seven hundred dollars."

"I charge you that it is perfectly proper for you to ascertain what the intention of the parties was at the time they entered into this contract, and in order for you to arrive at their intention, you should have recourse to the nature of the instrument, and the relative condition of the parties executing it, the condition that one party was in, in whose favor the contract was (if in favor of anyone); the situation the other party was in, in whose disfavor it was (if it was in such disfavor). And above all, you should take into consideration, in arriving at the truth of the matter, what was the object they had in view, and it is this object which you should ascertain. I charge you that,

notwithstanding all the allegations in the paper, or what is said to be understood by the plaintiffs, or anything else, if, from the whole case, you believe that the transaction was but for the payment of a horse (which is admitted here, was sold to the defendant), then the plaintiff cannot recover in this action as brought by him; and if the plaintiff fails to prove by a preponderance of the evidence that the contract was for nothing but hops, as he alleged, you should find for the defendant."

"The defendant claims that the transaction was for the purchase of a horse by him from the plaintiff, and that the notes were given along with the contract as payment for the horse; and that this payment was to be seven hundred dollars—three hundred and fifty dollars at one time, and three hundred and fifty dollars at another. Now, if this was the case, and the contract was to secure the payment of seven hundred dollars, or the amount of consideration of the horse, then your verdict must be for the defendant; and in considering this fact you have a right, and should take into view and consideration, all the facts; whether the horse was bought, whether the notes were given. You have further the right to consider, in this connection, whether it was a transaction for the buying of a horse by the defendant, or simply a contract for the sale of hops, pure and simple. If the defendant satisfactorily shows you that it was a transaction for the purchase of a horse, and that the contract in the case was but to secure the payment of seven hundred dollars, three hundred and fifty dollars at one time and three hundred and fifty dollars at another, then it does not matter as to the quantity of the hops named in the contract; it is sufficient that the three hundred and fifty dollars being due to be paid, whether in hops or in any other way; and if you believe that the defendant did tender at the proper time the payment of the said note and the note was given for the horse, and not for the hops, then you must find for the defendant."

He alleges that the court erred in charging the jury that—

"This is an action brought by the plaintiffs, Samuel Livesley and Margaret Livesley, against Morgan P. O'Brien,

on a certain contract known as a hop contract, which has been introduced in evidence, and which you will be permitted to take with you to the jury room."

With reference thereto, he argues in his brief as follows:

"This was clearly error.   It will be observed that the issue in this case, tersely stated, was and is as follows: The plaintiff claimed he made a *hop* contract; the defendant that he made a *horse* contract.    Now, then, the court went into the facts of the case and told the jury that 'this contract (meaning the paper marked Exhibit A., the subject of the suit), was a certain contract known as a *hop* contract,' he struck from the jury all consideration of the defendant's defense. There was the plaintiff contending that it was a *hop* contract; the defendant that it was a *horse* contract.    When the court took it as his duty to state to the jury that it was a 'hop contract' he left the defendant with nothing before the jury.   Why?   (1) The court decided this question of fact himself, when it was plainly matter for the jury.   (2) So decided, he gave the jury his decision on the fact.   (3) Giving the jury his decision on the fact, he found the fact, adjudged the fact and commented upon the facts of the case on the only issuable fact in the case.   This was clearly error, and clearly not his province."

There is more to the same purpose in the brief, but the only force it could have also would be derived from the appellant's view of the case, and it would not be pertinent under the view which was adopted by the court at the trial.   As the construction to be given a written instrument ever has been considered a question of law for the court to deal with, and no good reason has been shown for a departure therefrom in this instance, we are compelled to support the action of the court in the premises.

The other question alluded to is, that the appellant claims the court erred in allowing the respondents to recover because they did not bring the note into court, and as they failed to keep their tender good, he claims his demurrer to the complaint should have been sustained.   The com-

plaint does not set forth the indorsement on the contract, being the agreement to cancel the notes on the delivery of the hops. It avers a tender of the note in question at the time demand for the hops was made, but it fails to allege that the tender is kept good in any way. The record shows the appellant demurred to the complaint on the ground that it does not state facts sufficient to constitute a cause of action; and it also shows that the demurrer was dropped from the calendar because no one appeared to prosecute it. At the trial, the respondents offered in evidence the said indorsement on the back of the contract. The appellant desired it to be admitted also, and the court said: "The whole of it is in evidence, then—the whole contract and the indorsement on the back of it." Whereupon the note aforesaid was offered and admitted in evidence, without objection. Upon rendering judgment, the court ordered the note to be canceled. The demurrer went for nothing, because of the failure to prosecute, and the defect in the complaint was cured by the action had at the trial regarding the note.

There is no substance in this appeal, and it would be a proper case for the imposition of damages, had the same been asked by the respondents.

The judgment is affirmed.

ANDERS, C. J., and DUNBAR, HOYT, and STILES, JJ., concur.