HODSON ET AL., RESPONDENTS, *v.* O'KEEFFE, APPELLANT.

(No. 5,532.)

(Submitted September 16, 1924. Decided October 6, 1924.)

[229 Pac. 722.]

*Default Judgments—Setting Aside—Time—Complaint—Sufficiency — Inferences from Direct Averments — Conditional Sale Contracts—Bailment—Appeal and Error.*

Appeal from Judgment—Expiration of Time—Dismissal.
> 1. Under section 9732, Revised Codes of 1921, an appeal from a final judgment must be taken within six months after entry; where not taken until after the expiration of that time it will be dismissed.

Judgment by Default—Complaint—Insufficiency—Judgment may be Vacated at any Time.
> 2. The limitation of six months prescribed by section 9187, Revised Codes of 1921, within which a default judgment may be vacated, refers to defaults entered through mistake, inadvertence or excusable neglect only, and therefore has no application to a case where lack of power in the court to enter the judgment appears upon the face of the judgment-roll and the default is sought to be set aside for that reason.

Same.
> 3. Where the complaint does not state facts sufficient to state a cause of action, the court has not jurisdiction to render a judgment upon it; any judgment rendered thereon is not in fact a judgment and the court which rendered it may set it aside at any time.

[71 Mot. 322.]

Pleading—Complaint—Sufficiency Attacked for First Time on Appeal—Sufficiency Upheld, When.

4. Where the sufficiency of the complaint is challenged for the first time on appeal, the objection that it does not state a cause of action is regarded with disfavor, and if upon any view the plaintiff is entitled to relief the pleading will be upheld.

Default Judgment—Defective Complaint—Sufficiency Upheld if Inferences Supply Defect.

5. A judgment rendered upon default will not be held void even though the statement of the cause of action be so defectively made that it would have been open to general demurrer, provided its direct averments necessarily imply or reasonably require an inference of the facts necessary to supply the defect.

Same—Conditional Sale Contract—Defective Complaint—Held Sufficient by Inferences from What Directly Averred.

6. Under the above rules (pars. 4, 5) a defectively drawn complaint in an action on a contract under which title to the article sold was to remain in the vendor until payment of the purchase price, *held* sufficient to state a cause of action on a conditional sale contract and therefore a motion to open a default judgment asked for after expiration of six months from date of entry, on the ground that the pleading was fatally defective, was properly overruled.

Conditional Sale Contract—Construction—Bailment.

7. A contract for the sale of an article wherein it was stipulated that title should remain in the vendor until the purchase price was paid, construed as a conditional sale contract under section 7594, Revised Codes of 1921, and *held* not susceptible of construction as one of bailment.

*Appeal from District Court, Powell County; George B. Winston, Judge.*

ACTION by Dale Hodson and Paul Hodson, copartners doing business as the Missoula Tombstone Company, against Edward O'Keeffe. From a default judgment and from order denying their motion to vacate the judgment, defendant appeals. Appeal from judgment dismissed and order affirmed.

*Messrs. Keeley & Keeley,* for Appellant, submitted a brief; *Mr. E. M. Keeley* argued the cause orally.

Where the language in a claimed conditional sale contract is ambiguous, it must be construed by the court most strongly in favor of the party not preparing the instrument and against the party who prepared the same (*Harter* v. *Delno,* 49 Cal. App. 729, 194 Pac. 300); and the undisputed law is also that where there is a doubt as to whether or not an instrument is a conditional sale, it must be construed to be not a conditional

sale. (*Smith* v. *Becker,* 192 Mo. App. 591, 184 S. W. 943;
note, 17 A. L. R. 1430, 1431; *Singer Mfg. Co.* v. *Smith,* 40
S. C. 529, 42 Am. St. Rep. 897, 19 S. E. 132; *Perkins* v. *Loan
& Exch. Bank,* 43 S. C. 39, 20 S. E. 759; *State* v. *Haynes,* 74
S. C. 450, 55 S. E. 118; 24 R. C. L. 446; *Kuhn* v. *Groll,* 118
Wash. 285, 203 Pac. 44, 46.)   The authorities give as reason
for this doctrine the proposition that conditional sales are not
favored in the law.   (See, also, *Link Machinery Co.* v. *Con-
tinental Trust Co.,* 227 Pa. St. 237, 75 Atl. 985; *Kingman
Plow Co.* v. *Joyce,* 194 Mo. 367, 184 S. W. 490.)

A contract reserving title in the vendor absolutely without
any provision divesting it is a mere bailment.  (*Emerson-
Brantingham Implement Co.* v. *Lawson,* 237 Fed. 877; *Well-
man* v. *Conroy,* 50 Cal. App. 141, 194 Pac. 728; *Morris* v. *Bos-
ton Music Co.,* 129 Minn. 198, L. R. A. 1917B, 615, 151 N. W.
971; *Baker* v. *Priebe,* 59 Neb. 597, 81 N. W. 609.)

*Mr. E. J. Cummins,* for Respondent, submitted a brief and
argued the cause orally.

MR. CHIEF JUSTICE CALLAWAY delivered the opin-
ion of the court.

The plaintiffs filed their complaint in this action February
27, 1923. Summons was served upon the defendant person-
ally March 1, 1923. Judgment by default was entered against
him March 26, 1923. On January 5, 1924, counsel for de-
fendant served upon counsel for plaintiffs and filed with the
court notice of a motion to set aside and vacate the judgment.
Written motion was served and filed with the notice. On
February 25, 1924, the motion, having theretofore been taken
under advisement by the court, was overruled. On March 25,
1924, the defendant gave notice of appeal from the judgment
and also from the order overruling the motion to set aside
and vacate the judgment. Six months having elapsed since
[1] the entry of the judgment the attempted appeal there-
from was too late and cannot be considered.  (Sec. 9732, Rev.

Codes 1921.) However, the appeal from the order denying the motion is before us.

At the outset counsel for plaintiffs insist that the provisions [2, 3] of section 9187, Revised Codes of 1921, do not warrant defendant's application to the court for an order setting aside the judgment, six months having elapsed since the entry thereof, citing *State ex rel. Happel* v. *District Court,* 38 Mont. 166, 129 Am. St. Rep. 636, 35 L. R. A. (n. s.) 1098, 99 Pac. 291; *State ex rel. Smotherman* v. *District Court,* 51 Mont. 495, 153 Pac. 119; *Smith* v. *McCormick,* 52 Mont. 324, 157 Pac. 1010. Those cases relate specifically to defaults entered through mistake, inadvertence, surprise or excusable neglect. As to these the court said in the *Happel Case*: "Under the statute (Rev. Codes, sec. 6589) [now 9187] the motion in such cases must be made within a reasonable time after the date of the entry of judgment, but in no case exceeding six months, and the statute is the limit of the court's power in such cases. After the expiration of the time limit fixed therein, the power of the court over the judgment absolutely ceases, and it is without jurisdiction to vacate or modify it." But the statute does not apply to a case where lack of power in the court to enter the judgment appears upon the face of the judgment-roll. When a complaint does not state facts sufficient to constitute a cause of action the court does not have jurisdiction to render a judgment upon it. When the judgment-roll upon its face shows the court was without jurisdiction to render the particular judgment its pronouncement is not in fact a judgment. "The court which rendered it may set it aside at any time as an incumbrance upon its records." (*Crawford* v. *Pierse,* 56 Mont. 371, 185 Pac. 315.) "A judgment void on the face may be set aside on motion at any time." (*The Happel Case, supra,* citing *Palmer* v. *McMaster,* 8 Mont. 186, 19 Pac. 585; *Harvey* v. *Whitlach.* 2 Mont. 55; *State ex rel. Johnston* v. *District Court,* 21 Mont. 155, 69 Am. St. Rep. 645, 53 Pac. 272; *State ex rel. Cope* v. *Minar,* 13 Mont. 1, 31 Pac. 723; *People* v. *Greene,* 74 Cal. 400, 5 Am. St. Rep. 448, 16 Pac. 197; *Ex*

*parte Crenshaw,* 15 Pet. 119, 10 L. Ed. 682 [see, also, Rose's U. S. Notes]; *People ex rel. Hart* v. *District Court,* 33 Colo. 405, 80 Pac. 1065; 1 Freeman on Judgments, 98.)

The specifications of error are to the effect: (1) That the court erred in giving judgment to plaintiffs and in overruling defendant's motion to set it aside for the reason that the complaint does not state facts sufficient to constitute a cause of action and therefore the judgment is void upon the face of the judgment-roll; and (2) the court erred in holding the so-called contract on which the action is based to be one of conditional sale rather than of bailment.

1. The complaint alleges that the plaintiffs are copartners doing business under the firm name and style of the Missoula Tombstone Company; that on or about the fourth day of June, 1919, plaintiffs and defendant entered into a contract in writing by which the plaintiffs agreed to design and furnish one granite monument and two granite markers for defendant to be used as a monument and markers for the graves of his deceased wife and son, for the sum of $600; a copy of the "contract" is attached to the complaint and made a part thereof as Exhibit "A."

"That thereafter plaintiffs proceeded to design and furnish said granite monument and two granite markers, and prior to May 30, 1920, duly perform all the conditions of said contract, on their part to be performed, the completion and delivering of said granite monument and two granite markers to the defendant and the same were duly acknowledged by the defendant." Then follows an allegation that the defendant paid $100 on the contract on December 6, 1920, leaving a balance of $500, no part of which had been paid, although the plaintiffs had often demanded from defendant payment of the same.

Exhibit "A," the "contract," gives the complaint but little aid. In defendant's motion his counsel denominated this document "a fit subject for exhibition in the Green Bag," evidently referring to the facetious column in that journal where

legal freaks, oddities and drolleries are collected for the amuse-
ment of a profession too much crowded with the solemn things
of life. The criticism is not too strong. But from this non-
descript writing, Exhibit "A," it is inferable that the defendant
ordered from the Missoula Tombstone Company a monument
and two markers to be delivered at the cemetery at Helmville
on or before May 30, 1920, the price to be $600, $300 to be
paid on delivery and the balance on or before December 1,
1920, defendant "to do hauling from Avon." The writing
contains the following: "The undersigned agree to pay inter-
est at the legal rate on all moneys not paid at maturity and
an attorney fee in addition to other costs, if an attorney of a
court of record is employed in the collection thereof by suit
or otherwise. It is further understood that whatever is above
contracted for, it remains the property of the Missoula Tomb-
stone Company and can be removed by them when the condi-
tions of this contract are not complied with by the purchaser.
Not subject to countermand."

In *Crawford* v. *Pierse, supra,* Mr. Chief Justice Brantly
[4, 5] used the following language which is apt in the in-
stant case: "When the sufficiency of a complaint is challenged
for the first time on appeal, the objection that it does not
state a cause of action is regarded with disfavor, and every
reasonable inference will be drawn from the facts stated neces-
sary to uphold it. (*Ellinghouse* v. *Ajax Live Stock Co.,* 51
Mont. 275, L. R. A. 1916D, 836, 152 Pac. 481.) Matters of
form will be disregarded, as well as allegations that are irrele-
vant and redundant. If upon any view the plaintiff is entitled
to relief the pleading will be held sufficient. (*Raymond* v.
*Blancgrass,* 36 Mont. 449, 15 L. R. A. (n. s.) 976, 93 Pac.
648.) A corollary of this rule is that a judgment rendered
upon default will not be held void even though the statement
of the cause of action may be so defectively made that it would
have been open to general demurrer, provided its direct aver-
ments necessarily imply, or reasonably require, an inference
of the facts necessary to supply the defect. (*County of Silver*

*Bow* v. *Davies,* 40 Mont. 418, 107 Pac. 81; Phillips on Code Pleading, sec. 352.)''

While the complaint in this case is far removed from com-
[6] plimentary comment, by indulging every reasonable in-
ference which may be drawn from the facts stated, it may be
held to state a cause of action. After the allegation that the
plaintiffs and defendant entered into a contract by which the
plaintiffs agreed to furnish the monument and markers for the
sum of $600, the complaint sets forth that thereafter plaintiffs
proceeded to design and furnish the monument and markers
''and prior to May 30, 1920, duly perform all the conditions
of said contract on their part to be performed, the completion
and delivering of said granite monument and two granite
markers to the defendant. * * * The concluding clause of
the sentence, ''and the same were duly acknowledged by the
defendant,'' is meaningless where it appears. It is urged that
the word ''perform'' should be ''performed'' in order to give
life to the sentence, but we think this criticism not well
founded. If the language of the paragraph is read that
''thereafter the plaintiffs proceeded to * * * duly per-
form all the conditions of said contract on their part to be
performed,'' the meaning is reasonably clear. If the words
''that is to say'' appeared after the phrase ''to be performed,''
the sentence then reading, ''that is to say, the completion and
delivering of said granite monument and two granite markers
to the defendant,'' the allegations would be clear; and we think
the words ''that is to say'' are implied. But counsel for de-
fendant say the word ''proceeded'' as used does not mean
anything. It is true the word was used inaptly, but by refer-
ence to the dictionaries we see the word ''proceed'' means ''to
carry on some series of motions; set oneself to work and go on
in a certain way and for some particular purpose; act accord-
ing to some method.'' (Century Dictionary.) ''Go on in an
orderly or regular manner; to begin and carry on a series of
acts or measures; to act by method; to transact and design.''
(Webster's New International Dictionary.) ''To begin and

carry on a series of actions or measures according to certain methods.'' (New Standard Dictionary.) So the allegation that the plaintiffs proceeded to design and furnish the monument and markers means, with reasonable certainty, that the plaintiffs began and carried on the act contemplated by the parties when they made the agreement; and as we have observed the allegation aforesaid is followed by another as to the completion and delivery of the articles named.

2. Counsel for defendant concede this action is maintain-
[7] able if the contract sued upon is based upon a conditional sale and not upon a bailment.

Contracts, notes and instruments for the transfer or sale of personal property, where the title is stipulated to remain in the vendor until the payment of the purchase price, or some part thereof, are provided for by section 7594, Revised Codes of 1921. The curious writing in question is open to the construction of being intended by the parties as a conditional sale contract. It does not seem susceptible to the construction that they intended it to be a contract of bailment, neither does it seem to be such in legal effect.

The basic question we here consider is whether the complaint states a cause of action upon any theory. As one permissible construction of the writing is that it is one of conditional sale, following the liberal rules which must be applied in favor of a complaint where judgment has been rendered by default, the complaint in this case must be held to state a cause of action.

The attempted appeal from the judgment is dismissed. The order denying the motion to set aside the judgment is affirmed.

ASSOCIATE JUSTICES RANKIN, HOLLOWAY, GALEN and STARK concur.