BRENNAN, RESPONDENT, v. NORTHERN ELECTRIC CO.
ET AL., APPELLANTS.

(No. 5,570.)

(Submitted October 29, 1924.   Decided December 5, 1924.)

[231 Pac. 388.]

*Conversion—Complaint—Sufficiency—Absence of Demurrer—
How Pleading Viewed on Appeal.*

Pleading and Practice — Complaint — Demurrer Filed not Called to
Attention of Court Deemed Waived.
  1.  Where, after a demurrer to the complaint has been filed, the
parties file other pleadings and proceed to trial of the cause
upon its merits without calling the demurrer to the attention of
the court or demanding a ruling thereon, the demurrer is con-
sidered waived or abandoned, and if the question of the suffi-
ciency of the complaint is raised on appeal it will be considered
as if then raised for the first time.
Appeal and Error—Complaint—Sufficiency Attacked First Time on
Appeal—Pleading Upheld if Possible.
  2.  When the point that the complaint does not state a cause
of action is made for the first time on appeal, the objection is
regarded with disfavor and every reasonable deduction will be
drawn from the facts stated in order to uphold the pleading.
Conversion—Complaint—Sufficiency Upheld Under Above Rule.
  3.  Complaint in an action for the conversion of a chattel held
in pledge, attacked for the first time on appeal on' the ground
that the allegation that plaintiff was entitled to the immediate
possession of the property based upon a plea of tender of the
amount due on the pledge, was insufficient in that it did not dis-
close that the pleader had the ability to pay, *held* sufficient under
the liberal rule of construction adverted to in paragraph 2 above.

*Appeal from District Court, Yellowstone County; A. C.
Spencer, Judge.*

ACTION by Mrs. J. C. Brennan against the Northern Electric
Company and another.   From a judgment for plaintiff, de-
fendants appeal.   Affirmed.

*Mr. Sterling M. Wood* and *Mr. Robert C. Cooke,* for Appel-
lants, submitted a brief; *Mr. Wood* argued the cause orally.

Appellant contends that the complaint does not allege "per-
formance of the contract for which the property (automobile)
was pledged as security," within the rule of *Reardon* v. *Pat-*

*terson,* 19 Mont. 231, 47 Pac. 956, and that, therefore, the complaint does not state facts sufficient to constitute a cause of action.   The failure of the respondent to allege facts showing ability to perform her offer deprives her of the benefit of section 7450, Revised Codes of 1921, as her offer is not shown to have been "duly made" within the requirements of the statute.   Furthermore, the complaint does not show that the respondent ever offered to pay any money to the Franklin Garage, so that the offer would not be effective as performance.

The reason of the requirement, as a matter of pleading in such cases, "that the money tendered must be described sufficiently so that its nature may be determined" is thus made apparent, as the ability of the person to make the tender good is thereby established, with the question whether the money is legal tender or not.   (30 Cyc. 1210.)   The law is settled that the pleading of an offer to pay money is insufficient if it fails to describe the character of the money tendered.   (38 Cyc. 167, 168, and cases; 21 Ency. of Pl. & Pr. 561; 26 R. C. L. 636; Estee's Pleadings, 4th ed., par. 3331; Sutherland on Code Pleading & Practice, par. 605; *Magraw* v. *McGlynn,* 26 Cal. 420, 421; *Nichols* v. *Whiting,* 1 Root (Conn.), 443; *Goss* v. *Bowen,* 104 Ind. 207, 2 N. E. 704; *United States Health & Accident Ins. Co.* v. *Clark,* 41 Ind. App. 345, 83 N. E. 760, 762; *Ralph* v. *Lomer,* 3 Wash. 401, 28 Pac. 760, 762; Bliss on Code Pleading, 3d ed., par. 364, p. 548; *Harding, Whitman & Co.* v. *York Knitting Mills,* 142 Fed. 228.)

*Messrs. Grimstad & Brown,* for Respondent, submitted a brief; *Mr. O. K. Grimstad* argued the cause orally.

The record on appeal in this case discloses that the sufficiency of the pleadings was not raised in the trial court. Under the universal rule both in this state and in every state of the Union, it is a settled principle of law that courts look with disfavor upon any objection to the sufficiency of the pleadings, where first raised on appeal.   Our own court, in the case of *Ellinghouse* v. *Ajax Livestock Co.,* 51 Mont. 275,

L. R. A. 1916D, 836, 152 Pac. 481, has emphatically announced the rule. (See, also, *Carlile* v. *Bentley,* 81 Neb. 715, 116 N. W. 772; *City of San Antonio* v. *Bodeman* (Tex. Civ.), 163 S. W. 1043; *Quick* v. *Swing,* 53 Or. 149, 99 Pac. 418; *International Lumber Co.* v. *American Suburbs Co.,* 119 Minn. 77, 137 N. W. 395; *Dickinson* v. *Dickinson,* 54 Ind. App. 53, 102 N. E. 389.)

MR. JUSTICE STARK delivered the opinion of the court.

This is an action in conversion to recover the value of an automobile. In her complaint, plaintiff alleges that at all times therein mentioned she was the owner of a certain Buick automobile which, on May 2, 1921, was in the possession of the Franklin Garage, a corporation, with which she had left it as security for the payment of the sum of $90, being the balance of the purchase price thereof.

Paragraph 4 of the complaint reads: "That on the second day of May, 1921, and at all times thereafter, this plaintiff was prepared to and did offer to pay the said Franklin Garage the said sum of ninety ($90) dollars, and thereupon the said plaintiff became entitled to the immediate and exclusive possession of said automobile."

The complaint also alleges that on or about the second day of May, the defendant Birely, who was then the sheriff of Yellowstone county, under and by virtue of a writ of attachment issued out of the district court of Yellowstone county, wrongfully took said automobile from the possession of the Franklin Garage; that subsequent thereto the plaintiff made demand of the defendant Birely for its possession, which demand was refused. Thereupon the plaintiff brought this action to recover the value thereof.

The defendants Birely and Northern Electric Company filed a joint answer to the complaint, which, after admitting the official capacity of Birely and the incorporation of the defendant Northern Electric Company, denied all of the other allegations therein contained. For a further and special de-

fense, the answer alleges in paragraphs 1 and 8 that the automobile in question was at the time mentioned the sole property of one J. G. Brennan, and that the plaintiff had no right or interest therein. In paragraphs 2 to 7, inclusive, of this separate defense it is alleged that on May 2, 1921, the defendant Northern Electric Company commenced an action in the district court of Yellowstone county against said J. G. Brennan, in which a writ of attachment was issued, by virtue of which the defendant Birely, as sheriff of said county levied upon and attached said automobile as the property of J. G. Brennan; that on December 24, 1921, a judgment in said action was duly given and made in favor of the plaintiff and against the defendant therein for the sum of $1,034.80; that an execution was issued on said judgment under which the defendant Birely, as sheriff, sold said automobile, the defendant Northern Electric Company becoming the purchaser.

To this answer plaintiff filed a reply, in which the allegations of paragraphs 1 and 8 of the separate answer were denied, and an attempt was made to deny the allegations of paragraphs 2 to 7, inclusive. The case was tried to a jury on November 3, 1923, and resulted in a verdict and judgment in favor of the plaintiff, from which the defendants have appealed.

1. The defendants attack the validity of the judgment on [1] the ground that the complaint does not state facts sufficient to constitute a cause of action against them.

In the original transcript filed in this court the only pleadings included were the complaint, answer and reply; but at the time the cause was argued defendants were permitted to amend the transcript by inserting therein a demurrer to the complaint, which had been filed by them prior to the time they filed their answer. However, the transcript fails to show that defendants ever called the demurrer to the attention of the court, or requested a ruling thereon. The affidavit of the clerk of the district court, filed in support of the motion to amend the transcript, recites that he has searched the records

in his office, ''and has failed to find that said court ruled upon the demurrer to plaintiff's complaint.''

The general rule is that, when, after a demurrer is filed, the parties file other pleadings and proceed to trial upon the merits of the cause, without calling the demurrer to the attention of the court or demanding a ruling thereon, the demurrer is considered as abandoned or waived. (*Basey* v. *Gallagher,* 20 Wall. (87 U. S.) 670, 22 L. Ed. 452 [see, also, Rose's U. S. Notes]; *State* v. *Bright,* 224 Mo. 514, 135 Am. St. Rep. 552, 20 Ann. Cas. 955, 123 S. W. 1057; *King* v. *Lacey,* 8 Conn. 499; *Livesley* v. *O'Brien,* 3 Wash. 546, 28 Pac. 920; *Adams* v. *West Shore R. Co.,* 65 How. Pr. (N. Y.) 329; 6 Ency. Pl. & Pr. 379; 21 R. C. L. 622.)   So it must be assumed that defendants waived or abandoned their demurrer.   Under such circumstances, the case stands precisely as if no demurrer had been interposed.   (*Freas* v. *Lake,* 2 Colo. 480.)   Therefore, in determining whether this complaint states facts sufficient to constitute a cause of action against the defendants, it must be considered as being questioned for the first time on appeal to this court, and subject to the rules applicable under such conditions.

In *Ellinghouse* v. *Ajax Livestock Co.,* 51 Mont. 275, L. R. A. **[2]**   1916D, 836, 152 Pac. 481, this court said: ''When, however, the point [that the complaint does not state facts sufficient to constitute a cause of action] is made in this court for the first time on appeal, the objection is regarded with disfavor, and every reasonable deduction will be drawn from the facts stated in order to uphold the pleading. . So, also, will the pleading be held sufficient, if the defect made the basis of the objection is not a matter going to the root of the cause of action, but is such as might have been remedied by an amendment.''   This doctrine has been followed in many subsequent cases in this court; amongst them being *Crawford* v. *Pierse,* 56 Mont. 371, 185 Pac. 315, and *Hodson* v. *O'Keeffe,* 71 Mont. 322, 229 Pac. 722.

The argument of counsel for appellants runs along this line: **[3]** The complaint shows upon its face that when plaintiff brought this suit the automobile in question was in possession of, and held by, the Franklin Garage as security for payment of the sum of $90, due from the plaintiff as the balance of the purchase price thereof, and before she could maintain an action for its conversion she was required to show that she was entitled to its immediate possession, which fact could only be established by proving payment of the amount due from her, or a sufficient tender of such payment. (*Reardon* v. *Patterson,* 19 Mont. 231, 47 Pac. 956), and that paragraph 4 of the complaint above quoted is not a sufficient plea of a tender of payment of the amount due to the Franklin Garage, because it does not disclose that she had the ability to pay, and in this connection cite section 7441, Revised Codes of 1921, which reads: "An offer of performance is of no effect if the person making it is not able and willing to perform according to the offer."

We cannot agree with counsel's contention. Amongst the definitions of the verb "prepare," as given in the dictionaries, we find the following: "To provide with necessary means" (Century); "to make ready" (Webster's New International); "to provide with what is appropriate or necessary" (Standard). The verb "offer" means "to tender, present, or bring to one for acceptance or rejection" (Standard); "to present for acceptance or rejection; to hold out" (Webster's New International); and "to tender" means "to produce and offer unconditionally; as money, or other specific thing, in payment or performance of an obligation" (Standard).

Section 7429, Revised Codes of 1921, provides: "Performance of an obligation for the delivery of money only is called payment," and section 7450 declares that "an offer of payment or other performance, duly made * * * has the same effect upon all incidents as a performance thereof."

If plaintiff had actually paid to the Franklin Garage the sum of $90, for which it held the automobile as security, it

would have followed as an incident to such payment that she was entitled to its immediate possession.

Under the rule applicable here, that "every reasonable deduction will be drawn from the facts stated, in order to uphold the pleading," it is proper to read into the complaint the definition of the words used, and by so doing the scope of the allegations of the paragraph under consideration is made sufficiently broad to have entitled the plaintiff at the trial to prove that she had provided herself with the lawful money necessary to pay the $90 due to the Franklin Garage; that she had produced and offered it unconditionally in discharge of this obligation, and that such offer was refused, thereby establishing the fact that she was entitled to the immediate possession of the automobile held as security for its payment, and so entitled to maintain this suit.

2. Paragraphs 1 and 8 of the special defense set out in the answer allege that the automobile in question was not, at the time it was levied upon by the defendant Birely, the property of the plaintiff, but was the property of one J. G. Brennan.

By paragraphs 2 to 7, inclusive, the defendants set forth the seizure of the automobile under the writ of attachment issued in the case of *Northern Electric Co.* v. *J. G. Brennan;* that judgment was duly given and made against the defendant in said action; that a writ of execution was issued thereon, under which the defendant Birely, as sheriff, sold the same, thereby seeking to justify the seizure and sale.

The allegations of paragraphs 1 and 8 were denied by the reply, and an attempt was made to deny the allegations of paragraphs 2 to 7. It is urged by defendants that these last-mentioned denials are insufficient, and therefore the allegations of paragraphs 2 to 7 are deemed admitted. If it be conceded that all these allegations are admitted, it does not aid the defendants. In none of these paragraphs is the plaintiff's ownership of the automobile denied, or its ownership by J. G. Brennan alleged. They only set out the proceedings

leading up to the issuance of an execution against the property of J. G. Brennan under which the property was sold. If it belonged to the plaintiff, the sale did not divest her of her right. Unless the automobile belonged to her, she was not entitled to recover. An issue of fact was made of that question which was resolved in her favor by the jury, and the correctness of that finding is not questioned by defendants on this appeal.

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY, ASSOCIATE JUSTICES RANKIN and HOLLOWAY and HONORABLE FRANK P. LEIPER, District Judge, sitting in place of MR. JUSTICE GALEN, absent on account of illness, concur.