GILNA, RESPONDENT, v. BARKER ET AL., APPELLANTS.

(No. 6,071.)

(Submitted January 10, 1927. Decided February 24, 1927.)

[254 Pac. 174.]

*Defunct Mining Corporations—Statutory Trustees—Duty to Wind Up Affairs—Actions Against—Jurisdiction Over Person—General Appearance—Waiver—Pleading and Practice—Appeal—Presumptions.*

Appeal—Rulings of District Court Presumed Correct Until Contrary Shown.
   1. On appeal the supreme court indulges the presumption that the trial court had jurisdiction of parties and subject matter (where jurisdiction is attacked); that its rulings were correct, and that the judgment is regular and lawful, until the contrary is shown.

Pleading and Practice—Demurrer Does not Lie to Portion of Pleading.
   2. Ordinarily, a demurrer may not be interposed to a portion of a pleading, but where the record shows that opposing counsel consented thereto by express stipulation, the point that the court erred in sustaining it will be considered by the appellate court.

1. See 2 R. C. L. 222.

Same—Jurisdiction of Person—Challenge must be by Special Appearance—Waiver.

3. A party desiring to challenge the jurisdiction of the court over his person must do so by special appearance; any other kind of appearance is a general appearance which waives the question of jurisdiction over the person.

Same—Jurisdiction Over Person—Challenge Waived by General Appearance.

4. *Held,* under the above rule (par. 3), that defendants in an action of debt as statutory trustees of a mining corporation dissolved by expiration of its charter, by appearing generally waived the question of jurisdiction over their persons, based on the assertion that at the time of the institution of the action their duties as trustees had ended and they were no longer such.

Corporations—Statutory Trustees of Defunct Corporation—Duties—Noncompletion—Action for Debt—Jurisdiction.

5. Under section 6011, Revised Codes of 1921, statutory trustees of a defunct corporation must settle and liquidate its affairs, that is, dispose of and wind up its affairs by getting in its assets and settling with its debtors and creditors. In an action of debt against such trustees, defendants challenged the jurisdiction of the court over the subject matter of the action by interposing a plea in bar to the effect that by order of court the property of the trust had been sold and its affairs wound up and their trust terminated. The action against them was pending at the time the order of sale was made, which did not purport to discharge them of their trust. In their answer they interposed a counterclaim. *Held,* that the facts disclosed by the pleadings showed that defendants had not completed their duties as trustees and that a demurrer to their plea in bar was properly sustained.

Pleading—Denial of Fact in Answer and Direct Admission of Same Fact—Admission Taken as True.

6. As between the denial of a fact alleged in the complaint and a direct admission of the same fact (by way of counterclaim) in the answer, the admission and not the denial will be taken as true.

Corporations—Statutory Trustees—Discharge of Trust—How Pleaded.

7. *Semble:* It would seem that where defendants, sued as trustees of a defunct corporation, assert the claim that they were discharged of their trust and as trustees are no longer existent, they must do so by special plea by suggestion of *amicus curiae,* and cannot object to the jurisdiction of the court over the subject matter by way of general appearance.

Appeal—Moot Question—Definition.

8. A moot question is one in which there is no real controversy.

Corporations—Statutory Trustees—Absence of Assets—Effect on Jurisdiction of Subject Matter of Action Against Trustees.

9. The fact that defendants sued as trustees of a corporation dissolved by expiration of its charter had no property or assets, as such, did not deprive the court of jurisdiction of the subject matter of the action.

---

3. See 2 R. C. L. 327.

[78 Mont. 357.]

**Same—Action Against Statutory Trustees—Failure of Plaintiff to Intervene in Case in Which Property of Corporation Ordered Sold not Bar to Action.**

10. Failure of plaintiff suing trustees of a defunct corporation for .debt to intervene in the case in which the property of the corporation was ordered sold and ask for a receiver did not deprive him of the right to institute the action; and not having been made a party to the proceeding in which the order of sale was made, he was not bound by the order.

**Complaint—Objection to Sufficiency Raised for First Time on Appeal Regarded with Disfavor.**

11. Where the objection that the complaint fails to state a cause of action is raised for the first time on appeal, every reasonable deduction will be drawn from its allegations in order to uphold it; such an objection being regarded with disfavor.

**Pleading—Party Bound by Own Pleading.**

12. A party is bound by his pleading; hence where statutory trustees of a dissolved mining corporation in an action of debt arising out of the leasing of its mining claims on appeal contended that under section 6011, Revised Codes of 1921, they were without power to lease and share with the lessee the profits of his operations, but in their answer had alleged that they were charged with the duty of carrying on development operations, they were bound by the latter allegation, the lease contemplating such operations.

**Defunct Mining Corporations—Power of Trustees to Lease Properties.**

13. *Quaere:* Have statutory trustees of a defunct mining corporation authority to lease mining property formerly held by the corporation?

**Pleading—Complaint—Uncertainty—Waiver.**

14. Failure to demur to a complaint for uncertainty and ambiguity waives the defect.

---

[1]    Appeal and Error, 4 **C. J.**, sec. 2662, p. 731, n. 81; p. 732, n. 82, 83; sec. 2670, p. 740, n. 3; sec. 2671, p. 740, n. 10; sec. 2674, p. 741, n. 28.

[2]    Appeal and Error, 4 **C. J.**, sec. 2635, p. 719, n. 41. Pleading, 31 **Cyc.**, p. 326, n. 47.

[3]    Appearances, 4 **C. J.**, sec. 16, p. 1325, n. 95; sec. 41, p. 1350, n. 26; p. 1351, n. 27.

[4]    Appearances, 4 **C. J.**, sec. 23, p. 1330, n. 58 New.

[5]    Corporations, 14a **C. J.**, sec. 3840, p. 1172, n. 95; sec. 3841, p. 1174, n. 38 New. Settle, 35 **Cyc.**, p. 1442, n. 85, 92, 96.

[6]    Pleading, 31 **Cyc.**, p. 212, n. 9.

[7]    Appearances, 4 **C. J.**, sec. 40, p. 1350, n. 25.

[8]    Actions, 1 **C. J.**, sec. 68, p. 973, n. 11.

[9]    Courts, 15 **C. J.**, sec. 82, p. 786, n. 53.

[10]    Corporations, 14a **C. J.**, sec. 3842, p. 1174, n. 50 New. Judgments, 34 **C. J.**, sec. 1480, p. 1043; n. 14, p. 1044, n. 16; p. 1045, n. 20.

[11]    Appeal and Error, 4 **C. J.**, sec. 2677, p. 745, n. 71, 72.

[12]    Pleading, 31 **Cyc.**, p. 87, n. 64.

[13]    Contracts, 13 **C. J.**, sec. 446, p. 504, n. 68. Corporations, 14a **C. J.**, sec. 3840, p. 1172, n. 90.

[14]    Pleading, 31 **Cyc.**, p. 718, n. 76.

11. See 2 **R. C. L.** 87.

*Appeal from District Court, Cascade County, in the Eighth Judicial District; John C. Huntoon, a Judge of the Tenth District, presiding.*

ACTION by Thomas Gilna against David L. S. Barker and others, as statutory trustees for the Big "7" Mining Company, a dissolved corporation, with counterclaim by defendants. From a judgment for plaintiff, defendants appeal. Affirmed.

*Messrs. Maddox & Church,* for Appellants, submitted a brief; *Mr. Fletcher Maddox* argued the cause orally.

*Messrs. Graybill & Graybill,* for Respondent, submitted an original and a supplemental brief; *Mr. F. L. Graybill* argued the cause orally.

MR. JUSTICE MYERS delivered the opinion of the court.

This is an action of debt, brought against statutory trustees of a defunct corporation.

Big "7" Mining Company was a domestic corporation, organized for the purpose of acquiring, holding, working and developing quartz mines. December 20, 1912, its corporate life expired. At that time, certain parties were directors of the corporation. Upon the dissolution of the corporation they became, by virtue of what is now section 6011, Revised Codes, 1921, then in force, trustees for the creditors and stockholders of the expired corporation, with power to settle and liquidate its affairs. They are the defendants herein.

Plaintiff alleges that, in 1921 and 1922, defendants leased to plaintiff certain mining properties, under their control, that had belonged to the corporation, in order that plaintiff might mine the same and therefrom extract ores. Plaintiff and defendants were to share, upon specified terms, the net proceeds thereof. In each of two causes of action pleaded, plaintiff

alleges compliance, on his part, with the terms of the lease involved and how much became due him, as a result thereof, and alleges that a part thereof has been paid him and that the remainder is due and owing to him by defendants and unpaid. In a third cause of action pleaded by plaintiff, he alleges damages in the sum of $5,000, by virtue of breach, by defendants, of their lease agreement.

Defendants answered, admitting the organization and dissolution of the corporation, their resulting trusteeship and the leases to plaintiff, and then deny owing anything. In addition, the answer sets up what is called a plea in bar. The answer further pleads an affirmative defense, alleging various settlements in full with plaintiff, accepted by him as such. Defendants then plead a counterclaim against plaintiff, alleging damages in the sum of $4,000, at his hands, in connection with the leasing and mining operations, and asking judgment for that amount against him.

Plaintiff made appropriate reply. Trial by jury was had and plaintiff obtained a judgment against defendants. They appealed.

There are statements in the brief of each, the plaintiff and the defendants, that are not based on anything in the record. In plaintiff's brief there is much of such matter. Except for some admissions, made in briefs, contrary to the interest of the party or parties making them, we may consider only what appears in the record. Our decision must be based on it and any such admission supplementing it.

The record contains the judgment-roll, the notice of appeal and a short bill of exceptions. The bill of exceptions contains none of the evidence adduced at the trial nor any of the instructions given or refused. It contains only recital of the facts that the cause came to trial before a jury; that, upon motion of defendants, it was ordered that the court first try separately the issue of law raised by defendants' plea in bar;

that it was agreed between counsel, by stipulation entered in the record, that the matter set up in defendants' plea in bar be deemed demurred to, as insufficient in law, on the face thereof; that the demurrer was argued and submitted and was sustained.

Counsel for defendants assign three specifications of error: 1. The ruling of the court in sustaining plaintiff's demurrer to defendants' plea in bar. 2. The (amended) complaint fails to state a cause of action against defendants, as statutory trustees. 3. The court had no jurisdiction over the defendants or the subject of the action.

No brief filed cites many authorities. The briefs consist mostly of argument, original reasoning. We have carefully examined all of the authorities cited in any brief filed and many more; all that could be found in the realm of the law on the controverted points.

The presumption is that the trial court had jurisdiction of [1] parties and subject-matter; that the court's rulings were correct; that the judgment is regular and lawful. The judgment must stand, unless the contrary may be shown, in one or more particulars. (*Ringling* v. *Smith River Dev. Co.*, 48 Mont. 467, 138 Pac. 1098; *Dover Lumber Co.* v. *Whitcomb*, 54 Mont. 141, 168 Pac. 947; *State* v. *Schoenborn*, 55 Mont. 517, 179 Pac. 294.)

We have searched diligently to see if authority may be found to overthrow that presumption, in any particular, as well as to ascertain if the weight of authority upholds it, in every particular. We take up the specifications of error, in the order assigned.

1. Did the trial court err in sustaining plaintiff's demurrer to defendants' plea in bar?

The plea in bar is set forth in paragraph 2 of the answer to plaintiff's first pleaded cause of action and is repeated in answer to each of the other causes of action pleaded.

[78 Mont. 357.]

Ordinarily, a demurrer may not be interposed to a portion [2] only of a pleading. (*Martin* v. *Northern Pac. Ry. Co.*, 51 Mont. 31, 149 Pac. 89; *State ex rel. Lease* v. *Wilkinson,* 59 Mont. 327, 196 Pac. 878.) However, in this instance, it was done by express stipulation of counsel, entered in the record. Therefore, we shall consider it.

The plea in bar admits the incorporation and the dissolution [3, 4] of the corporation and that, upon dissolution, the parties named, in a representative capacity, as defendants became trustees for the defunct corporation, charged with certain duties, and that they so acted until about December 21, 1923. It alleges that on or about October 19, 1923, by a decree of court (naming the court, title and number of cause), duly made and given, all of the property of the defunct corporation was ordered sold and the proceeds were ordered to be paid to certain preferred creditors, adjudged to have preferred claims, and that, on or about December 21, 1923, defendants, pursuant thereto, sold all of the property and paid the proceeds to preferred creditors, so far as sufficient, but that the proceeds were insufficient to pay in full all; that, since December 21, 1923, defendants have had in their possession no property of the defunct corporation, and that, on that date, their trust ended, by completion of their duties as trustees, and since then they have not been trustees, and that at the time of the institution of suit they were and are still non-existent; in other words, no such defendants exist, to be sued; they are dead, out of existence. They allege that the allegations of the amended complaint raise purely moot questions. They denominate the plea a plea in bar and allege lack of jurisdiction of the persons of defendants and of the subject-matter of the action, and ask dismissal of the action.

Had defendants appeared specially for the sole purpose of challenging jurisdiction of their persons, they would have preserved their rights, if any, in that respect, and would have

been entitled to a ruling on that issue. However, they did not do that. They appeared generally. In their plea in bar, they united with their objection to jurisdiction of their persons objection to jurisdiction of the subject-matter. They went further than that, too; they put in a general denial and an affirmative defense and pleaded a counterclaim. A party desiring to challenge the jurisdiction of the court over his person must make a special appearance therefor. (*Hinderager* v. *MacGinniss*, 61 Mont. 312, 202 Pac. 200.) Any kind of appearance, except a special appearance, limited to challenging jurisdiction of the person, is a general appearance and a general appearance waives any question of jurisdiction of the person. (*State ex rel. Mackey* v. *District Court*, 40 Mont. 359, 135 Am. St. Rep. 622, 106 Pac. 1098; *Stoffels* v. *Cherry*, 67 Mont. 443, 215 Pac. 1098; *State ex rel. Carroll* v. *District Court*, 69 Mont. 415, 222 Pac. 449.)

Having appeared generally, defendants thereby waived the question of jurisdiction of their persons.

The chief plea remaining, then, in the plea in bar, is that [5] which challenges jurisdiction of the subject-matter. Why did not the court have jurisdiction of the subject-matter? Can any valid reason be given? The learned counsel for defendants, in their brief, give no citation of authority for such contention. All of their authorities are cited and most of their argument is made in an attempt to show that there was no jurisdiction of the persons of defendants. The only argument counsel for defendants make in their brief, in contending for lack of jurisdiction of the subject-matter, is that, by order of court, all of the property of the defunct corporation had been sold and the proceeds had been paid to creditors and the defendants had no assets in their possession and, therefore, their trust had terminated. They claim it terminated December 21, 1923. Even so, the instant case was begun long before that date.

However, were the defendants discharged of their trust by the completion of their duties, as provided in section 7923, Revised Codes, 1921? What were their duties? They are set forth in section 6011, Revised Codes, 1921: "To settle and liquidate its affairs" (the affairs of the defunct corporation). To "settle" means to ascertain, adjust, pay, satisfy (Standard Dictionary); to determine, free from uncertainty, adjust, pay, dispose of (Webster's International Dictionary). In this connection we think it means to dispose of. "Liquidation" means: "The act or operation of winding up the affairs of a firm or company, by getting in the assets, settling with its debtors and creditors and appropriating the amount of profit or loss." (*Rohr* v. *Stanton Trust & Savings Bank*, 76 Mont. 248, 245 Pac. 947.)

On December 21, 1923, had defendants settled and liquidated all the affairs of the defunct corporation?

Counsel for defendants, in their brief, admit that the instant case had been instituted before that time and even before October 19, 1923, when the decree on which they rely was made. Defendants knew, on both of those dates, that plaintiff's unliquidated claim of debt and damages, in the form of a lawsuit, was pending and unsettled. They knew there was one claim, that of plaintiff, which had not been settled or liquidated. How, then, can they say that, on either of those dates or so long as such lawsuit was pending, the affairs of the defunct corporation were fully settled and liquidated? Was it not their duty to defend that lawsuit? Certain it is, when suit was started, they had not completed the duties of their trust. That being so, we fail to see how they could be relieved of their trust duties so long as the suit was pending.

Further, the sixth part of defendants' answer is a counterclaim against plaintiff for damages, in the sum of $4,000. If that sum of money was owing to the trustees of the defunct corporation, representing the creditors and stockholders, was it not

their duty to prosecute suit for it and, if possible, recover it, for the benefit of creditors and stockholders? Were the affairs of the defunct corporation fully settled and liquidated until such time as that claim for damages had been prosecuted to determination? We think not.

Again, defendants' counterclaim for damages grew out of the same transactions on which plaintiff's alleged causes of action were based. The subject-matter of each was the same. If the court had jurisdiction of that subject-matter for defendants, on their counterclaim, it had jurisdiction of it for plaintiff.

Defendants' plea in bar is a denial of jurisdiction of the subject-matter. Their counterclaim is an admission of it. [6] "As between the denial of a fact alleged in the complaint and a direct admission of the same fact in the answer, the admission and not the denial will be taken as true." (31 Cyc. 211, and cases cited.)

Furthermore, if defendants had been discharged of their [7] trust and were not in existence, it is difficult to see how they could make a general appearance. It would seem that a plea that a defendant, real or artificial, is dead, non-existent, could be made only by a special plea and that, only by suggestion of *amicus curiae*. (*Combes* v. *Keyes,* 89 Wis. 297, 46 Am. St. Rep. 839, 27 L. R. A. 369, 62 N. W. 89; *Haley* v. *Eureka County Bank,* 21 Nev. 127, 12 L. R. A. 815, 26 Pac. 64.) In the nature of things, it hardly seems a man may come into court and say: "Comes now the defendant and, for his answer, says he is dead and, therefore, cannot be sued"; this, duly verified by the dead man; in effect, A, being first duly sworn, says: "I am dead." It has been held it may not be done. (*James & Co.* v. *Second Russian Ins. Co.,* 239 N. Y. 248, 37 A. L. R. 720, 146 N. E. 369.)

As to moot questions, the issues of the instant case do not, as claimed by defendants, present a moot question, as defined

[8]  by this court.  A moot question is one in which there is
no real controversy.  (*Carlson* v. *City of Helena,* 38 Mont. 581,
101 Pac. 163.)   There is very much of a real controversy in the
instant case.  Plaintiff claimed defendants owed him more than
$6,000.  Defendants claimed plaintiff owed them $4,000.
[9]  Plaintiff obtained judgment for $1,489.76.  The fact that
the defendants had no property or assets did not deprive the
court of jurisdiction of the subject-matter.  (*O'Rourke* v.
*Grand Opera House Co.,* 47 Mont. 459, 133 Pac. 965; *Henroid*
v. *East Tintic Dev. Co.,* 52 Utah, 245, 173 Pac. 134.)

Counsel for defendants argue that plaintiff should have
[10]  intervened in the case in which the court decreed a sale
of the property of the defunct corporation and should have
asked for a receiver.  He may have been entitled to that privi-
lege but, if so, it did not deprive him of the right to institute
the instant case, reduce his claim to judgment and take the
chance of realizing on it.  That argument of counsel admits
that plaintiff had a claim against the defendants, which he had
a right to have settled, and, *ergo,* so long as not settled, the
defendants are not discharged of their trust, by completion of
the duties thereof.

Further, plaintiff cannot be bound or foreclosed of any right
by that action, because he was not made a party to it.  Every
person has a right to his day in court.  A person is not bound
by an adjudication to which he is not a party.  (23 Cyc. 1280,
and cases cited.)   That is elementary.

Counsel for defendants contend that the decree in that case
should be a complete protection to defendants, but there is
nothing in the record to show that that decree adjudged that
the affairs of the defunct corporation were settled and liqui-
dated and that the trustees were discharged of their trust, by
completion of their duties.  The facts disclosed by the plead-
ings in the instant case show to the contrary, *i. e.,* that they
had not completed their duties.

We hold that the trial court did not err in sustaining the demurrer to the defendants' plea in bar.

2. Does the amended complaint fail to state a cause of action against defendants?

So far as the record discloses, the objection that the amended [11] complaint fails to state a cause of action is raised, for the first time, in this court. That being the case, every reasonable deduction will be drawn from the allegations of the amended complaint, in order to uphold it. Such an objection, so made, is regarded with disfavor. (*Ellinghouse* v. *Ajax Livestock Co.*, 51 Mont. 275, L. R. A. 1916D, 836, 152 Pac. 481; *Crawford* v. *Pierse*, 56 Mont. 371, 185 Pac. 315; *Hodson* v. *O'Keeffe*, 71 Mont. 322, 229 Pac. 722; *Brennan* v. *Northern Electric Co.*, 72 Mont. 35, 231 Pac. 388.)

The only contention, on this point, made by counsel for [12] defendants, is that section 6011, Revised Codes, 1921, from which trustees of a defunct corporation derive their power, gives them power only to "settle and liquidate" its affairs. That is the language of the statute. What may be done in settling and liquidating is not specified. Counsel contend that, under that section, the trustees had no power to lease mining property which had been held by the corporation, when alive, to plaintiff and to agree to share with him the profits of his operations. Yet, the answer of defendants does not plead excess of authority by defendants but the contrary. The answer repeatedly alleges that defendants were charged with the duties of "conserving the property, settling the affairs and carrying on of development operations" of the properties of the dissolved corporation. A party is bound by his pleading. He may not plead one thing and contend to the contrary. Certainly, the operations of plaintiff were "development operations."

As to whether or not the trustees of a defunct mining [13] corporation have authority, within the scope of their

[78 Mont. 357.]

duties, to lease mining property, the subject of their trust, it is not necessary for us to decide. Defendants are not in a position to raise the question.

Not only do defendants, by their answer, admit they had such authority, in the instant case, but they allege they exercised it. Defendants profited by their leases to plaintiff. They admit it. They have retained the profits. They admit that. They may not retain the profits and repudiate the transaction. That is axiomatic. "No one can take advantage of his own wrong." (Sec. 8746, Rev. Codes 1921.) "He who takes the benefit must bear the burden." (Sec. 8750, *Id.*) "One must not change his purpose to the injury of another." (Sec. 8741, *Id.*) (See 2 Parsons on Contracts, 9th ed., 834; 9 Cyc. 557, and cases cited.)

It may be that the amended complaint was subject to [14] demurrer for uncertainty or ambiguity but, if so, it was waived. The pleading is weak in some particulars but it is materially aided by the answer.

We hold that the amended complaint is sufficient and that the trial court did not err in sustaining it.

3. Did the court have jurisdiction over the defendants and the subject of the action? That question, we deem, has been answered in the affirmative, by what heretofore has been said.

We find no prejudicial error in the record. The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES STARK, MATTHEWS and GALEN concur.