## No. 8048.

### R. F. MONTGOMERY, MRS. C. GULLIFER, SUBROGEE, VS. G..H. KOESTER.

| 35 | 1091 |
| d105 | 84 |
| 35 | 1091 |
| 106 | 309 |
| 106 | 427 |

The rule of our law, as well as of the common law, is, that he, who owns and keeps a dangerous animal knowing it to be such, is bound, at his peril, to keep him up safe from hurting innocent persons, and if, for want of sufficient care, the animal escape and do injury, the owner is liable.

The *scienter* may be established by attendant circumstances without necessity, in all cases, of proving prior cases of injury.

APPEAL from the Fourth District Court for the Parish of Orleans. *Houston*, J.

### *D. C. & L. L. Labatt* and *A. Smith* for Plaintiff and Appellee:

1. The owner of a dog which inflicts a wound upon a person walking upon the public highway is responsible in damages for such injury (C. C. 2321); and this holds whether the injury resulted from the negligence of the owner himself or from that of his agent or servant. C. C. 2316, 2317.

2. Knowledge on the part of the owner of the dangerous character of the dogs is to be presumed from the fact that he kept the dogs chained in the day time and loosed them at night; and from the fact that the dogs were kept to guard and protect his premises and property. Buckley vs. Leonard, 4 Denio, 500; Sherman and Redfield on Negligence, Section 191.

3. The owner of an animal is bound so to keep him that he shall not commit injury. When, therefore, such an animal does damages the owner is liable, though it be shown that it never before evinced any fierceness. Besazzio vs. Harris, 1st Foster and T. *nisi pirius,* p. 92; 1 Com. (N. Y.) 515; 8 Barb. (N. Y.) 630; 38 Barb. (N. Y.) 14; 14 Cal. 138; Addison on Torts, old ed., p. 135.

4. In the assessment of damages not only the mental and bodily suffering are to be taken into consideration, but also the trouble and expense to which plaintiff has been subjected by the wrongful act of defendant It is proper to take into account, as part of the expenses, the reasonable fees of attorneys. 29 An. 218; 5 An. 5, 21, 22; Greenleaf Evidence, Vol. 2, p. 280, Sec. 267.

5. Defendant having gone into the trial of a cause on the merits, without having pleaded his exception, notwithstanding the fact that he had ample time subsequent to the notice of subrogation, the exception comes too late; and not having demanded a decision on the exception, it is considered as waived and abandoned. 6 An. 533; 11 An. 689, etc.

### *H. P. Dart* for Defendant and Appellant:

#### EXCEPTION.

1. Defendant's right to raise exceptions to the capacity, etc., of a subrogee who becomes such after issue joined with original plaintiff is not affected by that fact.

2. An exception to the want of authorization and right of a married woman to stand in judgment is peremptory, because it shows "a total want of legal right or authority to sue," and it may be urged at any stage of the cause. 4 R. 174; 17 L. 236; 4 N. S. 437.

3. The husband's authorization to sue must be filed before proceeding to trial on the merits, or he must appear with her. 22 An. 204; 21 An. 576; 25 An. 193. It is sufficient that she be capable of standing in judgment when judgment is rendered. 2 R. 13; 4 L. 259; 10 An. 505; 26 An. 590, 809; C. P. 320, 321. The statute is prohibitory and such an authoriza-

tion filed subsequent to judgment is not sufficient. 15 An. 182, 303; 12 An. 147; 1 An. 260; C. C. 121, 124.

4. The wife (her husband living) cannot prosecute community claims. C. C. 2402; 10 An. 310; 15 An. 119; 20 An. 532; 24 An. 521, 295.

5. Personal actions of the wife are under the sole control of the husband. C. P. 107; 9 L. 350; 12 An. 333; 29 An. 215.

6. This Court will not permit litigants to question here titles whose validity they have maintained in the court a qua.

7. A judgment rendered in favor of a married woman unauthorized or incapacitated must be reversed and the case remanded.

### MERITS.

1. Burden of proof is upon plaintiff in actions ex delicto and he must make his case certain; a probable case will not satisfy the exigency of the law. 16 An. 121.

2. Dogs are property under the laws of this State, and it is lawful to keep same, (Act 148 of 1858; R. S. 1201,) provided they be not public nuisances. City Ordinance, p. 142.

3. Statements or conversations by or with the wife should not be received for or against him in an action against the husband.

4. It being lawful to keep dogs, if the same are so kept with extreme care, and, through no fault or negligence of defendant, they get out in the night time and do injury, such injury is an accident, from which no liability results. Wait's Actions and Defenses, 1, 160, and authorities there cited; Shawhan vs. Clarke, 24 An. 390.

5. A dog is mansuetæ naturæ, and the owner is responsible for injuries by it committed only when it is shown to be accustomed to injure persons or property to the knowledge of the owner. 1 Wait, Actions and Defenses, and authorities; 1 Addison on Torts, 229; 2 Hilliard on Torts, 81, 82; 7 Ala. 171; 22 Ala. 571; 22 Ill. 143; 21 Vt. 378; 4 Denio, 127, 177, 500; 13 Johnson, 339; 3 Keyes, (N. Y.) 269-70; 4 H. 363; 4 Carr. & Payne, 297; 19 Penn. 359. The same principle controlled Rome and Israel. Exodus XXI, 29–36; Cooper's Inst., Lib. IV, Tit. IX. Vredenburg vs. Behan, 33 An. 634.

### ON THE EXCEPTION.

The opinion of the Court was delivered by

FENNER, J.   This is a personal action brought by Montgomery, in his own name and right, against the defendant.

The latter had filed answer and the cause was at issue.

Thereafter a motion was filed, suggesting a transfer by Montgomery to Mrs. Gullifer, and an order was entered recognizing her as subrogee.

The case was taken up for trial on 25th May, testimony taken on that and various subsequent days, to which the cause was continued, until 15th June, when defendant filed an exception to the effect that "Mrs. Gullifer, subrogated, is a married woman and hath averred and proved no facts which warrant the Court in rendering judgment in her favor, and she is absolutely without capacity to stand in judgment. Wherefore, he prays that this exception be sustained, and plaintiff's suit be dismissed with costs."

Manifestly, this exception does not go to the dismissal of the suit, which was properly brought and at issue before the subrogation took place. The exception simply attacks the subrogation and the rights

Montgomery vs. Koester.

of the subrogee thereunder. In absence of any interest proved, or even asserted in the defendant, the validity and effect of the subrogation seem to be matters between plaintiff and his subrogee, and not concerning the defendant. The suit proceeded in the name of the original plaintiff; the judgment, by its terms, is "in favor of plaintiff, Robt. F. Montgomery, Mrs Catherine Gullifer, subrogated;" satisfaction of the judgment will securely discharge the defendant, and he has no other interest in the matter.

The authorities quoted as to suits improperly *brought* in the name of the wife do not apply to such a case.

---

### On the Merits.

The action is brought under Art. 2321, R. C. C., for damage caused by dogs belonging to defendant, in attacking and biting the plaintiff.

The facts are, that plaintiff, while walking in the public street at night, on arriving opposite an alleyway opening into defendant's premises, was attacked by two dogs and injured as charged.

The evidence satisfies us, as it did the Judge *a quo*, that the dogs which did the injury were defendant's.

These were watchdogs kept by defendant for the protection of his premises, and their dangerous character and knowledge thereof by defendant may be inferred from their size, their actual conduct, the admitted purpose for which they were kept, and the very care exercised in their custody; for it appears from the testimony offered by defendant, that his practice was to chain up the dogs every morning at daylight and to loose them only at night.

We think this sufficient to charge him with the *scienter*. 1 Thompson on Negligence, p. 203, § 17 and cases there cited.

Defendant's right to keep the dogs is not questioned. They were necessary and proper for the protection of his premises in their situation on the outskirts of the City. If, while loosed at night, they had bitten a person trespassing, or even negligently coming, upon his premises, defendant would not have been liable. But plaintiff was wending his way homeward on a public highway when attacked, and was not guilty of the slightest fault or contributory negligence,

It was defendant's clear duty in loosing his dogs at night, for his own advantage and protection, to see to it that they should not escape and injure innocent passers on the street, and to that end, to exercise the highest care.

How the dogs got out is not shown, but the evidence is that the gate opening from defendant's premises on the alleyway was not locked, but was fastened with a simple latch which might be opened by any

one from the inside or outside. The risk of the gate's being opened and left open by careless or mischievous persons and the consequent escape of the dogs was one the consequences of which must be borne by defendant and not by the innocent plaintiff.

The rule at common law is ancient and well settled that one keeping a dangerous or mischievous animal, with knowledge of its propensities, " must, at his peril, keep him up safe from doing hurt, for though he use his diligence to keep him up, if he escape and do harm, the owner is liable to answer in damages." 1 Hale's Pleas of the Crown, 430; May vs. Burdett, L. R. 9 Q. B. 112; Cox vs. Burbridge, L. R.13, C. B. 438; Flecher vs. Rylands, L. R. 1 Exch. 265, (S. C.); Rylands vs. Flecher, L. R. 3 H. L. 280.

Our law certainly does not afford a more lenient rule.

The French Courts and Commentators, in applying Art. 1385 of the Napoleon Code, corresponding to our own Article 2321, enforce the same doctrine.

Marcadé, in his usual trenchant style, says: " Of two things, one : either the owner has not taken all the precautions which prudence required, and is thus in fault; or the animal is so vicious that all imaginable precautions to prevent it from injuring are of no avail, in which case the owner is in fault merely by keeping such an animal." Marcadé on Art. 1385, No. 1; 8 Demolombe, Traité des Contrats, No. 654; 5 Larombière, on Art. 1335, No. 3; 3 Aubry et Rau, § 418, p. 559; 2 Arcollas, Droit Civil, p. 981.

The exceptions to the rule of the owner's liability are cases of *vis major*, contributory fault or negligence on the part of the person injured and the like explained by Demolombe, within none of which, however, is this case embraced. 8 Demolombe, No. 650.

The French authorities go to the further extent of holding that the character of the animal and the knowledge of its vicious propensities by the owner, are of no consequence in determining the liability of the owner.

We have no occasion in this case to determine whether we should follow them to that extent.

As we have shown, both the highest English and French authorities agree on the doctrine on which we rest this case, and we feel safe in applying it.

Nothing remains but the *quantum* of damage allowed by the Judge *a quo*, viz: five hundred dollars. The evidence does not establish to our satisfaction that this allowance is so excessive as to justify us in disturbing it.

Judgment affirmed.