[L. A. No. 3461. Department One.—April 19, 1915.]

FRANK M. KELLOGG, Appellant, v. CLARA KELLOGG, Respondent.

DIVORCE—ORDER FOR ALIMONY PENDENTE LITE—ABILITY OF HUSBAND TO PAY—APPEAL—OMISSION OF EVIDENCE FROM RECORD.—An order will not be reversed on appeal on the ground that the evidence did not support it when the record on appeal fails to state all the evidence received and considered by the trial court on the hearing.

ID.—ERROR MUST BE SHOWN TO WARRANT REVERSAL.—Under the rule that a judgment or order will not be reversed unless error is shown and that the burden is upon the appellant to show the error, it must be assumed on appeal that the omitted affidavit contained facts sufficient to support the order.

APPEAL from an order of the Superior Court of San Diego County directing the payment of alimony in an action of divorce. W. A. Sloane, Judge.

The facts are stated in the opinion of the court.

L. E. Dadmun, for Appellant.

G. F. Hoff, and J. M. Chatterson, for Respondent.

At the time set for hearing the parties filed a stipulation that the cause might be submitted without oral argument.

Shaw, J., delivered the opinion of the court, Sloss, J., and Lawlor, J., concurring.

The court has examined the briefs and in the absence of the parties will proceed to determine the case without further delay.

The action is brought by the husband against the wife, to obtain a divorce. The appeal is from an order made by the court during the progress of the case, requiring the husband to pay to the wife certain sums of money for counsel fees and for expenses in traveling from Michigan to San Diego to attend the trial. It is claimed on the part of the appellant, the husband, that the evidence taken by the court does not show any proof of the husband's abilities. In the condition

of the record we cannot assent to this proposition. The case comes within the principle, so often stated, that a judgment or order will not be reversed unless error is shown and that the burden is upon the appellant to show the error. An affidavit of the wife was introduced and set out in full. It refers to and makes a part thereof another affidavit made by her in a previous case between the parties for the same cause. The record shows that the affidavit in the other case, which was referred to in the affidavit filed, was received and considered by the court, but the transcript does not set forth its contents. There is nothing in the record to show its contents or the facts it proved or tended to prove. Under the rule just stated, the court, on appeal, must assume that it contained facts sufficient to support the order of the court below. For that reason the order of the court will have to be affirmed.

The order is affirmed.