[Civ. No. 3153.  Second Appellate District, Division Two.—April 27, 1921.]

ARTHUR W. DAVIS, Respondent, v. LOUIS MENE et al., Copartners, etc., Appellants.

[1] ANIMALS—BITE BY DOG—ACTION FOR INJURIES—KNOWLEDGE OF VICIOUS PROPENSITIES—SUFFICIENCY OF EVIDENCE.—In an action for damages for personal injuries resulting from the bite of a dog, a finding of knowledge of the defendants of the vicious propensities of the dog is justified by evidence that the animal was a bulldog, that he was muzzled when at large, that he was chained when at home, and that he was kept as a watch-dog, because of the presence of petty thieves in the neighborhood.

[2] ID.—EVIDENCE—GENERAL REPUTATION AS TO VICIOUSNESS.—Evidence of the general reputation of the dog as to viciousness is proper to support the inference of knowledge on the part of the owners as to the habits of the dog.

APPEAL from a judgment of the Superior Court of Los Angeles County. Leslie R. Hewitt, Judge. Affirmed.

The facts are stated in the opinion of the court.

C. P. Johnson for Appellants.

Frank W. Walden for Respondent.

WORKS, J.—This is an action for damages caused by the bite of a dog. Plaintiff had judgment and the defendants appeal. It is impossible to make a statement of the facts of the case, except from assertions made in the briefs of each of the parties and not denied by the other. Both counsel recite facts without reference to the record, and this fault is so frequent that we are unable to make a statement from that source.

From the meager material presented to us the facts appear to be these: Respondent went on a business errand to the house of one of the appellants. The dog was on the front porch of the dwelling, tied to a post by a chain nearly six feet in length, which allowed him to get to or near the entrance door. When respondent was at this point he was bitten by the animal.

―――――――――――――――――――――――――――――――――

1. Necessity for knowledge by owner of viciousness of domestic animal, note, 1 Ann. Cas. 205.

[1] Appellants object to the sufficiency of the evidence to support several of the findings of the trial court. Most of these points depend upon the objection that there was no evidence to justify the finding that appellants knew of the vicious propensities of the dog. Counsel have afforded us enough of an insight into the facts to enable us to say that the animal was a bulldog, that he was muzzled when at large, that he was chained when at home, and that he was kept as a watch-dog, because of the presence of petty thieves in the neighborhood. All of these matters were properly to be considered in determining the knowledge of appellants as to the proclivities of the animal (3 C. J. 118, 119; 1 R. C. L. 1117, 1118), and as appellant indicates no contrary evidence in the record, the court could have made no other finding on the subject.

In discussing the sufficiency of the evidence to support a certain finding, appellants charge respondent with contributory negligence "in walking within the length of the fifty-seven inch chain on which a vicious looking bulldog was attached to one end thereof." Respondent, in his turn, claims that appellants were negligent "in chaining him so close to the door that he could bite an unsuspecting caller as was done in this case." As the burden is on appellant to show error (*Kellogg* v. *Kellogg*, 170 Cal. 84 [148 Pac. 518]), and as we are pointed to no evidence on this interesting subject by either counsel, we shall assume that respondent was not aware of the presence of the dog, and that the charge of contributory negligence is an unjust imputation upon him.

[2] Over the objection of appellants, respondent was allowed to show the general reputation of the dog as to viciousness, and it is contended that the trial court committed error in receiving the evidence; but such evidence is proper to support the inference of knowledge on the part of the owner as to the habits of a dog kept by him (3 C. J. 116). However, even if that were not true, in this case, as we have already shown, on the other evidence alone the court could have made no finding but that appellants knew of the dangerous proclivities of the animal.

The judgment is affirmed.

Finlayson, P. J., and Craig, J., concurred.