ALTERMATT, Respondent, *v.* ROCKY MOUNTAIN FIRE INSURANCE CO., Appellant.

(No. 6,685.)

(Submitted December 13, 1930. Decided January 27, 1931.)

[295 Pac. 327.]

*Messrs. Cooper, Stephenson & Hoover,* for Appellant, submitted a brief; *Mr. W. H. Hoover* argued the cause orally.

*Mr. O. B. Kotz* and *Messrs. Graybill & Graybill,* for Respondent, submitted a brief; *Mr. F. L. Graybill* argued the cause orally.

MR. JUSTICE GALEN delivered the opinion of the court.

This action was instituted by the plaintiff to recover from the defendant on a policy of fire insurance because of the loss by fire of a dwelling-house and furniture therein contained. It was once before considered by this court on appeal (*Altermatt* v. *Rocky Mt. Fire Ins. Co.,* 85 Mont. 419, 279 Pac. 243), and was remanded for a new trial. We deem it unnecessary to restate the facts. Upon retrial before a jury, verdict was rendered in favor of the plaintiff in the sum of $3,700, with interest thereon from April 27, 1926, and judgment was entered accordingly, from which the defendant appeals.

The defendant's assignments of error raise question regarding the giving and refusal of certain instructions to the jury.

The court peremptorily instructed the jury in accordance with the law as declared in our former opinion rendered in this case, as to three of which instructions given the defendant assigns error on this appeal. The evidence introduced was substantially the same as on the former trial of the case, as to which this court made declaration of the law applicable. Among other things, upon like evidence, it was by us specifically held, and we think correctly, that the furnishing of proofs of loss as required by the policy was waived by reason of the insurer having, in response to inquiries addressed to it respecting the status of his claim, been advised that the premium had not been received by the head office, that no report of the issuance of the policy had been forwarded, that the policy had been issued by a person not recognized as its agent, and that the assured could take such action as he saw fit, constituting in legal effect a denial of all liability upon the policy.

Our decision on the former appeal constituted the law applicable to the case on like facts, whether right or wrong, and in our opinion the instructions given to the jury, of which

complaint is made, were correct and entirely warranted by the evidence and the decision of this court on the former appeal. "The rule is well established and long adhered to in this state that where, upon an appeal, the supreme court in deciding a case presented states in its opinion a principle or rule of law necessary to the decision, such pronouncement becomes the law of the case, and must be adhered to throughout its subsequent progress, both in the trial court and upon subsequent appeal; and this, although upon its subsequent consideration the supreme court may be clearly of opinion that the former decision is erroneous. While a previous ruling by this court upon a point distinctly made may be only authority in other cases, to be followed and affirmed, or to be modified or overruled according to its intrinsic merits, in the case in which it is made it is more than authority; it is a final adjudication from the consequences of which this court may not depart, nor the parties relieve themselves." (*Carlson* v. *Northern Pac. Ry. Co.*, 86 Mont. 78, 281 Pac. 913, 914.)

The instruction which the court refused to give, assigned as error by the defendant, was fully covered by the court in other instructions as to the law properly given.

Accordingly, the judgment must be, and is hereby, affirmed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES FORD, ANGSTMAN and MATTHEWS concur.