ROGERS, Respondent, *v.* EMBLETON et al., Appellants.

(No. 6,818.)

(Submitted May 18, 1931.   Decided June 2, 1931.)

[300 Pac. 296.]

*Mr. W. S. Towner* and *Mr. C. R. Stranahan,* for Appellants, submitted an original and a reply brief; *Mr. Stranahan* argued the cause orally.

*Messrs. Molumby, Busha & Greenan,* for Respondent, submitted a brief; *Mr. Philip G. Greenan* argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This is an appeal by defendants from a judgment in favor of plaintiff and against defendants. The action was upon a promissory note.

The defense is that the note is secured by a real estate mortgage in the form of a deed and defeasance contract, which has never been foreclosed. Plaintiff, by reply, admits that the deed and contract were made as alleged, and, by way of avoidance, alleges that the property covered by the contract

and deed had been, through the fault of defendants, who failed to pay the taxes assessed against the property as agreed, struck off to Chouteau county for delinquent taxes on January 26, 1922, and the same conveyed by tax deed to the assignee of the certificate of sale, Harry Gould, on August 28, 1926, and that as a consequence plaintiff has no security for the note.

At the trial it was conceded that the deed was in fact a mortgage. The only question presented here, in addition to those in the case of *Richardson* v. *Lloyd,* ante, p. 127, is whether the tax deed in this case is void on its face because it conveys two or more noncontiguous portions of land.

Section 2191, Revised Codes 1921, which was in effect when the property was struck off to the county, provides that, if there is no purchaser in good faith for the property, "the whole amount of the property assessed must be struck off to the county."

In *Horsky* v. *McKennan,* 53 Mont. 50, 162 Pac. 376, 379, it was said: "Only to the county may the entire property assessed be struck off for want of purchasers."

The tax deed is not void on its face for disclosing that the property was struck off to the county in noncontiguous tracts.

Other questions presented here have been decided adversely to the contentions of defendants in the case of *Richardson* v. *Lloyd,* supra, and the judgment is accordingly affirmed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES GALEN, FORD and MATTHEWS concur.