SKILLEN ET AL., APPELLANTS, *v.* HARRIS ET AL.,
RESPONDENTS.

(No. 6,790.)

(Submitted September 15, 1931. Decided October 3, 1931.)

[3 Pac. (2d) 1054.]

*Mr. W. B. Sands*, for Appellants, submitted a brief.

*Messrs. Cooper, Stephenson & Hoover,* and *Mr. S. B. Chase, Jr.,* for Respondents, submitted a brief; *Mr. Chase* argued the cause orally.

MR. JUSTICE FORD delivered the opinion of the court.

This action was brought by plaintiff against Harris and others to quiet title to lands in Blaine county. Defendants Harris, personally and as executor, and Campbell answered, admitting plaintiff's ownership of the lands and, by way of cross-complaint, joined Mary E. Skillen and her guardian and sought the foreclosure of a first mortgage executed by Skillen and wife upon the lands. Plaintiff's general demurrer to the cross-complaint was overruled. George W. Roberts answered and, by cross-complaint, added Mrs. Skillen and Fred Wollner as parties, and sought the foreclosure of a second mortgage executed by Skillen and wife to secure the payment of a promissory note given by Skillen. The defendants Blaine county and Grover Dowen answered separately, asserting tax liens against the lands. The default of Mary E. Skillen, Fred Wollner, guardian of the estate of Mary E. Skillen, insane, and other defendants was entered for failure to answer or otherwise plead to the cross-complaint of defendant Harris. Thereafter the cause was tried and judgment of foreclosure of the first mortgage was entered in favor of Harris. Upon appeal by plaintiff the judgment was reversed and the cause remanded to the district court of Phillips county "with direc-

tions to make determination of the relative rights and priorities of the plaintiff and the defendants who appeared in the action on the issues presented by their respective pleadings, and otherwise to amend the judgment conformably to the views herein expressed." (*Skillen* v. *Harris,* 85 Mont. 73, 277 Pac. 803, 804.)

The cause was retried before the court without a jury, and judgment was entered decreeing a first lien to Blaine county for the taxes of 1923, 1924, and 1926; a second lien to Grover Dowen for the 1925 taxes; a third lien to Milton K. Harris; and a fourth lien to Roberts. Plaintiff and Mary E. Skillen, by guardian, appeal from the judgment.

It is contended that the cross-complaint of Harris does not state facts sufficient to constitute a cause of action. An examination of the record on the former appeal discloses that this question was before us in that cause and found to be without merit; such pronouncement became the law of the case and must be adhered to. (*Carlson* v. *Northern Pac. Ry. Co.,* 86 Mont. 78, 281 Pac. 913; *Altermatt* v. *Rocky Mt. Fire Ins. Co.,* 89 Mont. 153, 295 Pac. 327.)

It is argued that the cross-complaints of Blaine county and Grover Dowen do not state causes of action. This question is raised for the first time on this appeal. "When the sufficiency of a complaint is challenged for the first time on appeal, the objection that it does not state a cause of action is regarded with disfavor, and every reasonable inference will be drawn from the facts stated necessary to uphold it" (*Ellinghouse* v. *Ajax Livestock Co.,* 51 Mont. 275, L. R. A. 1916D, 836, 152 Pac. 481; *Gilna* v. *Barker,* 78 Mont. 357, 254 Pac. 174), and "matters of form will be disregarded, as well as allegations that are irrelevant and redundant. If upon any view the plaintiff is entitled to relief the pleading will be held sufficient" (*Hodson* v. *O'Keeffe,* 71 Mont. 322, 229 Pac. 722, 723).

While the cross-complaints in this case are not models of pleading, we are of the opinion, measured by the rules just announced, that they are sufficient.

By cross-complaint Roberts made Mary E. Skillen and her guardian parties defendant. They were not served with summons upon such cross-complaint, and upon the trial it was dismissed as to them, and judgment of foreclosure entered against William Skillen. It is argued by the attorney for Mrs. Skillen that she was a necessary party to the action and, since the cross-complaint was dismissed as to her, the court erred in entering judgment foreclosing the Roberts mortgage. Under the facts disclosed by the record, Mrs. Skillen was a proper, but not a necessary, party (42 C. J. 52; *Craddock* v. *American Mortgage Co.*, 88 Ala. 281, 7 South. 196; *Davis* v. *Taylor-Lowenstein & Co.*, 158 Ala. 227, 47 South. 653; *Holland* v. *Holland*, 131 Ind. 196, 30 N. E. 1075; *Thornton* v. *Pigg*, 24 Mo. 249); her dower right is not involved in this action.

It is contended that the tax sale certificates under which Blaine county and Dowen claim liens are void, as it appears from the certificates themselves that three separate tracts were sold *en masse*, citing *Horsky* v. *McKennan*, 53 Mont. 50, 162 Pac. 376, 379.

The record discloses that upon the tax sales the whole amount of the property assessed was struck off to the county in compliance with the provisions of section 2191, Revised Codes of 1921, as amended by Chapter 46, Laws of 1923, which was in effect when the sales were made. In the case relied upon by counsel it was said: "Only to the county may the entire property assessed be struck off for want of purchasers." To the same effect is *Rogers* v. *Embleton, ante,* p. 134, 300 Pac. 296.

Finally it is contended that the court erred in decreeing a first lien to the county for the 1926 taxes, since the action was commenced in May, 1926, and that the right of the county as to the 1926 taxes was not an issue in the action. Judgment was entered March 12, 1931. The evidence taken at the trial of the cause is not before us; we have only the judgment-roll.

In the case of *Mouat* v. *Minneapolis M. & S. Co.*, 68 Mont. 253, 217 Pac. 342, 343, this court, in disposing of a similar question, said: "The case was tried by the court sit-

ting without a jury, and is before this court upon the pleadings, findings of fact, conclusions of law, and decree. The trial court resolved all the issues of fact presented by the pleadings in favor of the defendants. Since the supreme court always indulges the presumption that the judgment of the trial court is correct, and the burden resting upon the appellant to show reversible error, and the record in this case failing to disclose any of the testimony introduced at the trial, the correctness of the lower court's findings may not be inquired into on appeal." In the condition of the record we have no way of knowing but that upon the trial the pleadings were amended to conform to the evidence and findings.

The judgment is affirmed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES GALEN, ANGSTMAN and MATTHEWS concur.