[Civ. No. 11493.   First Appellate District, Division Two.—November 26, 1940.]

WALTER WILMOT, Respondent, v. GOLDEN GATE INVESTMENT CO. (a Corporation), Appellant.

James L. Feely for Appellant.

Hubbard & Hubbard for Respondent.

NOURSE, P. J.—In an action for damages for personal injuries tried before a jury plaintiff had a verdict for $6,000 against the defendant corporation and Louis Travis. The trial court reduced the verdict to $4,500. The defendant corporation alone appeals.

Edward Cornblum, as president, and Heim Goldman, as secretary, entered into a written contract with a landowner to construct a house on the owner's premises. At the request of the corporation a bond was executed in its name for the faithful performance of the contract. The president, Cornblum, was unable to procure such a bond. The contract was negotiated for and on behalf of the corporation by Cornblum. The owner financed the building through the Palo Alto Mutual Building and Loan Association. Payments on the contract were made by this association to the corporation and receipted for by it. During the course of construction Fegan was employed as boss carpenter. At the instance of Cornblum, Travis was employed to help him. Wilmot had been employed to do the roofing. As Wilmot stood alongside of the structure discussing the selection of tile to be used on the roof, Travis sawed a "2x4" rafter in two. One end slipped from the roof and struck plaintiff causing the injuries complained of. Travis testified that, as the piece of rafter fell, he called out "look out below". Plaintiff testified that he did not hear the warning. The defendant Cornblum testified that he alone was the building contractor. That he procured the execution of the contract in the name of the corporation because he was unable to furnish a personal bond. That soon after the contract was executed he had the corporation assign it to him.

█ The main contention of the corporation on this appeal is that, based on the testimony which it introduced on this issue, the evidence as a whole was insufficient to sustain the verdict against the corporation. The argument is based on the supposition that the jury must have believed this testimony. By its verdict the jury plainly indicated that it did not believe it. The testimony of the palpable fraud which the corporation and its president engaged in to deceive the owner, the bonding company, and all those employed under the contract, was sufficient to warrant the rejection by the jury of the testimony above referred to. In our statement of facts we have recited the evidence in the light most favorable to respondent and in the light which the jury by its verdict indicated that the evidence had been weighed and found true. This evidence is sufficient to support the finding on the issue of the corporation's liability.

In the same connection, the appellant argues that Travis was an employee of Fegan, who, in turn, was an independent contractor who alone would be liable for the negligence of Travis. There was some testimony offered to prove this relation, but there was ample evidence to the contrary. The evidence of an employer-employee relation between the corporation and Travis was sufficient to support the verdict against the corporation.

The appellant contends that the damages awarded are excessive. The respondent points out that he suffered a dislocation of the fourth and fifth vertebrae, that any motion of the back was painful, that the abdomen was extended causing difficulty in breathing, that he had a subcapsular hemorrhage of the kidney. The record presents nothing more than a conflict of evidence as to the extent of the injuries and that the jury might have been liberal in its assessment of the damages. There is no evidence that the verdict was the result of passion or prejudice; there is no evidence that the award was so grossly out of proportion to the injuries suffered that we should assume that it was due to passion or prejudice. This being so the verdict cannot be disturbed upon the ground that it is excessive. (8 Cal. Jur., p. 834.)

It is argued that respondent's counsel was guilty of prejudicial misconduct in stating before the jury that the defendant had sent Cornblum to his codefendant Fegan to request the latter to perjure himself and to assume all responsibility for the injuries, and that he promised Fegan that if he would do so and thereafter go through bankruptcy the appellant would pay the cost of such proceedings. Expressions somewhat similar to these were used in the opening statement of counsel for respondent. The only objection made was that he was stating something which he could not prove. No assignment of misconduct was made, and no charge that counsel was acting in bad faith in an attempt to prejudice appellant. The objection was sustained on the ground that the matter went to the motive of the defendant. Thereafter the respondent attempted to prove the charges, and some testimony was received tending to prove them in part. But this testimony was stricken out, and the jury was properly instructed to disregard it. Appellant has not made a case of prejudicial misconduct.

■ Finally it is argued that the respondent was guilty of contributory negligence as a matter of law. The argument is a little confusing in that it fails to hold to the line of distinction between the two separate doctrines of contributory negligence and assumption of risk. Where one enters the premises of another during construction activities and knowingly encounters obvious dangers there may arise a situation for the application of the doctrine of assumption of risk. Contributory negligence may be charged as a matter of law only when ''The appellate court can say that there is no substantial conflict on the facts, and that from the facts reasonable men can draw but one inference, which inference points unerringly to the negligence of the plaintiff proximately contributing to his own injury. (*Green* v. *Southern Pac. Co.*, 53 Cal. App. 194 [199 Pac. 1059]; *Carey* v. *Pacific Gas & Elec. Co.*, 75 Cal. App. 129 [242 Pac. 97]; *Wing* v. *Western Pacific R. R. Co.*, 41 Cal. App. 251 [182 Pac. 969].)'' (*Crawford* v. *Southern Pacific Co.*, 3 Cal. (2d) 427, 429 [45 Pac. (2d) 183].)

■ The doctrine of assumption of risk is surrounded by the equally stringent boundaries that, before the appellate court can say that a party assumed the risk from which the injury occurred, the evidence must be without substantial conflict in reference to the matter of knowledge or means of knowledge of the existing danger or that such danger was obvious. ■ It is a matter of common knowledge that all construction activities are surrounded by some element of risk of injury, but it is a question of fact in each case whether the conduct of the injured party was in accord with the custom and habits of reasonable men under similar circumstances.

■ The evidence here does not show that there was any unusual risk which the respondent assumed or that his conduct was any different from what other reasonable men under the same circumstances would have followed. These questions all depend upon the facts and circumstances which the jury was required to decide.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 26, 1940.