[Civ. No. 2593. Fourth Dist. Feb. 28, 1944.]

FRANK URIBE, Appellant, v. EUGENE McCORKLE, Respondent.

Tarance S. Magee for Appellant.

Hoge, Pelton & Gunther and A. Dal Thomson for Respondent.

MARKS, J.—This is an appeal from a judgment for defendant entered after his motion for nonsuit had been granted. It would appear that the motion was granted because the trial judge was of the opinion that plaintiff was guilty of contributory negligence as a matter of law.

Plaintiff was the father of Nadine Uribe, four years old, who was fatally injured in an automobile collision which occurred at about 6:30 o'clock p. m. on May 14, 1939, on Ventura Avenue, east of Centerville, in Fresno County. The action was brought to recover damages caused by the death of Nadine.

Just before the accident plaintiff was driving west on Ventura Avenue which runs east and west at the point in question. He saw a sign on the north side of the road which advertised tomato plants for sale. This was near a private farm road leading from Ventura Avenue northeasterly to a farm house. Desiring to buy some plants, plaintiff drove west on Ventura Avenue about one-tenth of a mile beyond the junction of the farm road with Ventura Avenue, looked in both directions, saw no approaching vehicle, made a "U" turn and proceeded east toward the farm road. Just west of the turning point Ventura Avenue curves to the north so the extent of his view to the west and north is not made clear. In making the "U" turn the automobile was driven to the south edge of the twenty-foot Ventura Avenue pavement and perhaps the right wheels went off the pavement and onto the shoulder. After turning east plaintiff gradually bore to the

left and approached the center line of the pavement. When between 12 and 15 feet west of the point of collision, which was opposite the private road, plaintiff drove his car over the center line and started his left turn into the farm road. He gave a signal for the left turn just as his car crossed the center line. When he had proceeded between 12 and 15 feet, and when his car was between 62 and 64 inches north of the center line of Ventura Avenue, the right rear bumper of defendant's car caught the left rear fender or bumper of plaintiff's car which turned over on its side pinning Nadine under it causing her death. Defendant's car was passing plaintiff's during the left turn made by plaintiff. Defendant swerved his car to the left and it came to rest on the private road about 20 feet from Ventura Avenue. Plaintiff testified that he heard no horn nor other warning that defendant intended to pass him. Plaintiff was driving not over 15 miles an hour and defendant was driving about 40 miles an hour.

It is clear that plaintiff violated the provisions of subdivisions "a" and "b" of section 544 of the Vehicle Code. Subdivision "a" prohibits a driver from making a turn unless he can do so with reasonable safety and then only after giving the signal of his intention to do so. Subdivision "b" requires a driver intending to make a left turn to give the appropriate signal "continuously during the last fifty feet traveled by the vehicle before turning." Plaintiff gave the signal as he started the left turn but not for fifty feet before turning.

The accident happened outside a business or residence district. This is made clear by photographs in the record. Subdivision "b" of section 528 of the Vehicle Code provides that "The driver of a motor vehicle, when traveling outside of a business or residence district and under other conditions where necessary to insure safety, shall give audible warning before overtaking a vehicle proceeding in the same direction." There is evidence to support the conclusion, if drawn, that defendant did not give audible warning before overtaking and attempting to pass plaintiff's car. At least this evidence presented a question of fact as to the negligence of defendant in passing without giving warning.

We have a situation here where the trier of fact may have found defendant guilty of negligence in failing to give any warning before attempting to pass plaintiff's car, and where

plaintiff admittedly was guilty of disobeying two provisions of the Vehicle Code. Practically without deviation, since the commencement of the judicial history of California, the violation of a duty imposed by law has been held to be negligence. That is still the law unless it was the intention of the Supreme Court to modify it in the recent case of *Clinkscales* v. *Carver,* 22 Cal.2d 72 [136 P.2d 777]. In view of the long line of cases supporting the rule we would hardly expect its modification without a definite and clear and positive holding to that effect so we must still regard it as in force in California. We therefore conclude that plaintiff was guilty of negligence in failing to obey the requirements of subdivisions "a" and "b" of section 544 of the Vehicle Code, and that defendant may have been guilty of negligence in failing to give a warning before overtaking plaintiff's car and in attempting to pass it.

The conclusion that plaintiff was negligent, and that the jury may have concluded that defendant was negligent, does not dispose of the case. A plaintiff may be negligent but if that negligence did not contribute to his injury his recovery is not barred. In recent years it has been held that the question as to whether the admitted negligence of a plaintiff contributed to his injury is generally a question of fact for the trier of fact and not one of law for the court to be disposed of on a motion for nonsuit. (*Hart* v. *Farris,* 218 Cal. 69 [21 P. 432] ; *Bradford* v. *Sargent,* 135 Cal.App. 324 [27 P.2d 93] ; *Blodget* v. *Preston,* 118 Cal.App. 297 [5 P.2d 25] ; *Hupp* v. *Griffith Co.,* 127 Cal.App. 63 [15 P.2d 211].) It is also the rule that the negligence of a defendant, if any, will not render him liable if that negligence was not the proximate cause of the injury. The question of proximate cause is generally one of fact and not of law. (*Thompson* v. *Steveson,* 52 Cal.App.2d 250 [126 P.2d 127] ; *Matsuda* v. *Luond,* 52 Cal. App.2d 453 [126 P.2d 359].)

Under these circumstances the motion for nonsuit should have been denied.

■ Plaintiff argues that the doctrine of last clear chance is applicable here. We cannot agree with the argument, for, under the evidence now before us it does not appear that defendant had a *clear* chance of avoiding the accident in the brief moment that elapsed after plaintiff made it apparent he was going to make a turn and the time the collision occurred. (*Rasmussen* v. *Fresno Traction Co.,* 138 Cal.App.

540 [32 P.2d 1091]; *Stewart* v. *Langer*, 9 Cal.App.2d 60 [48 P.2d 758].)

The judgment is reversed.

Barnard, P. J., and Griffin, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied April 27, 1944. Traynor, J., and Schauer, J., voted for a hearing.