[Civ. No. 15914.   Second Dist., Div. Two.   Dec. 17, 1947.]

JOHN  H.  FREDERICKSON, Appellant, v. FRANK
KEPNER, Respondent.

Landon Morris and Lawrence F. Edmisten, Jr., for Appellant.

Harry E. Sackett for Respondent.

McCOMB, J.—This is an appeal from a judgment in favor of defendant predicated upon the granting of his motion for a nonsuit in a trial before a jury in an action to recover damages resulting from injuries caused by being attacked by two dogs owned by defendant.

It is the rule that in reviewing a judgment predicated upon the granting of a motion for nonsuit an appellate court (1) is not permitted to weigh inconsistencies in the evidence, (2) is not permitted to construe the evidence other than as strongly as possible in favor of plaintiff, (3) must disregard

all evidence in conflict with that in plaintiff's favor, (4) must consider every inference fairly deducible from the evidence and every favorable presumption arising therefrom as facts established by plaintiff, and (5) where the evidence is susceptible of two constructions or if several inferences reasonably may be drawn therefrom, it must take the view most favorable to plaintiff. (*Stockwell* v. *Board of Trustees,* 64 Cal. App.2d 197, 201 [148 P.2d 405].)

Viewing the evidence in the light of the rule just stated, the record discloses that on October 18, 1944, defendant's business premises consisted of 26 acres of land on which he maintained a public dump and salvage yard, carrying on the business of selling salvaged materials to the public. A roadway ran into the premises on the west side of which, approximately 40 feet from the entrance to the property, was a building built upon the side of a hill on two levels. The upper level of the building contained defendant's office and a storeroom surrounded by a porch. This level was reached by a stairway leading from the roadway to the porch. Immediately to the south of and adjacent to this building was a series of graduated terraces cut out of the hill on the premises. The top terrace was on the same level as the upper level of the building and was reached by using the building stairway from the roadway level to the upper level, then walking on the porch past the storeroom and through the passageway onto the top level. Various kinds of salvaged materials were displayed on these terraces and were offered for sale to the public.

Defendant owned and kept three dogs on his premises. One of them was a 75-pound German police dog. This dog was kept as a watchdog to watch and guard the area around the storeroom, and was tied up at all times except occasionally in the evening when he would be let loose for the purpose of exercise, at which time he would be accompanied by someone. He was on the premises 24 hours a day.

On October 18, 1944, this dog was tied to a beam in the back of the storeroom by a rope long enough to permit the dog to go into the storeroom and also out onto the top terrace where materials were offered for sale. The other dogs kept by defendant were not tied but were let run loose on the property.

On the date above mentioned plaintiff went to defendant's premises to purchase material. After making one purchase

he asked defendant if he had any masonite or marble, and defendant directed his attention to some marble on the top terrace, and told plaintiff to go up and look at it.

In order to reach the terrace where the marble was located plaintiff went up the stairway and through the building, and in so doing passed the storeroom where the German police dog was tied. He did not see the dog nor, in fact, had he ever seen any dogs on the premises although he had been there before.

Plaintiff went out onto the top terrace and examined the marble. As he started back toward the building, two dogs jumped on his back with their teeth bared and threw him over the bank of the terrace. He observed that one dog had a rope on him and the other did not. Plaintiff was not bitten but received severe personal injuries as a result of being thrown over the bank of the top terrace.

There are three questions presented for our determination:

First: *Do the foregoing facts constitute a prima facie case in favor of plaintiff sufficient to establish defendant's liability for keeping a vicious dog on his premises in accordance with the rules of the common law?*

This question must be answered in the affirmative, and is governed by these pertinent rules of law:

(1) When the owner of a dog has reason to believe it is savage, ill-tempered, or dangerous to persons and property, he keeps the dog at his risk and is liable for damages resulting from the conduct of the animal which exhibits such known traits or character. (*Hicks* v. *Sullivan*, 122 Cal. App. 635, 638 [10 P.2d 516].)

(2) In order to establish liability it is not necessary that the dog bite a person. It is sufficient if the plaintiff receive injuries as a result of the dog's vicious or dangerous conduct. (*Hicks* v. *Sullivan, supra,* 637.)

(3) The (a) vicious propensities and dangerous character of a dog and (b) knowledge thereof by his owner may be inferred from evidence that the dog was kept (1) tied (2) as a watchdog and also (3) from his size and breed. (*Davis* v. *Mene,* 52 Cal.App. 368, 369 [198 P. 840]; *Warner* v. *Chamberlin,* 7 Houst. (Del.) 18 [30 A. 638, 639]; *Montgomery* v. *Koester,* 35 La.Ann. 1091, 1093 [48 Am.Rep. 253].)

Applying the foregoing rules to the facts in the instant case it is apparent that the jury could have inferred from the foregoing evidence that, since defendant kept a

German police dog of 75 pounds weight tied on his premises as a watchdog, and permitted the dog to be unfettered only in the evenings and when accompanied by someone, (a) the dog had a dangerous nature, and (b) defendant had knowledge of the dangerous character of the animal.

Hence, since there was direct evidence that the dog caused injury to plaintiff, defendant would be liable to plaintiff for the damage resulting and it was error for the trial court to grant the motion for a nonsuit.

Second: *Was there substantial evidence to sustain a finding that the dogs which attacked plaintiff were owned by defendant?*

■ This question will not be considered by us for the reason that the rule is now settled in California that a ground not specified in a motion for nonsuit will be considered by an appellate court in support of a judgment predicated upon the granting of such motion only in the event that it is clear that the defect is one which could not have been remedied had it been called to the attention of opposing counsel and the trial court in the motion for a nonsuit. (*Lawless* v. *Calaway*, 24 Cal.2d 81, 92 [147 P.2d 604].)

In the present case the motion for nonsuit did not include as one of the grounds therefor the point that there was no evidence to sustain a finding that defendant owned the dogs which were the cause of the injury to plaintiff. It is clear that, had such fact been called to the attention of opposing counsel in the trial court, evidence could have been introduced to overcome the alleged deficiencies in the evidence. Hence defendant may not urge the lack of such evidence as a ground for sustaining the order of the trial court.

■ Third: *Did plaintiff's contributory negligence bar him from recovering in the present action?*

For the purpose of this appeal this question must be answered in the negative. ■ Contributory negligence is a matter of law only when the court can say that there is not any substantial conflict in the evidence, and that from such evidence reasonable men can draw but one inference which inference points unerringly to the negligence of the plaintiff proximately contributing to his own injury. (*Wilmot* v. *Golden Gate Investment Co.*, 41 Cal.App.2d 664, 668 [107 P.2d 263].)

■ Assuming, without deciding, that there was evidence

in the instant case which would have supported a finding that plaintiff was contributorily negligent, there was evidence which would have supported a finding that he was not. Therefore under the rule above stated it was a question of fact for the determination of the trier of fact (in this case the jury), and in considering the ruling on the motion for nonsuit we must assume that the jury would have found that plaintiff was not contributorily negligent. (*Barnett* v. *La Mesa Post No. 282,* 15 Cal.2d 191, 194 [99 P.2d 650]; *Uribe* v. *McCorkle,* 63 Cal.App.2d 61, 64 [146 P.2d 22].)

In view of our conclusions it is unnecessary to consider other arguments presented by counsel.

The judgment is reversed.

Moore, P. J., and Wilson, J., concurred.