CLIFFORD I. WALKER, Plaintiff and Appellant, *v.* MARY P. WALKER, Defendant and Respondent.

No. 9415.
Submitted February 11, 1955.  Decided June 28, 1955.
Rehearing Denied July 21, 1955.
285 Pac. (2d) 590.

296

Jerry J. O'Connell, Great Falls, for appellant.
Swanberg & Swanberg, Great Falls, for respondent.
Mr. O'Connell and Mr. Randall Swanberg argued orally.

MR. JUSTICE DAVIS:

Appeal from an order by the district court for Cascade County in a suit for divorce which awarded the wife temporary alimony, attorneys' fees, and the custody *pendente lite* of the minor daughter of the parties.

On April 29, 1953, Clifford I. Walker, the husband and plaintiff below, sued Mary P. Walker, the defendant wife, for a divorce absolute on the grounds of desertion and extreme cruelty.

Upon the wife's motion and after a hearing had at which the parties offered testimony the court ordered (1) that the husband pay the wife temporary alimony of $85 per month, (2) that the husband pay the wife upon a specified contingency the sum of $60 for the rent of her apartment, and (3) that the husband pay the wife $125 as attorneys' fees to enable her to defend the suit. By this same order the court gave the wife the temporary care, custody and control of the daughter, then of the age of two years and three months, "during the pendency of the action and until further order of the court."

The husband has appealed to this court specifying errors in this award of the custody of his daughter, and in the allow-

ance of temporary alimony and attorneys' fees, in the latter specifically because of the provision therein that he pay for two months the rent of his wife's apartment, if as the order is phrased she were ''required to pay the sum of Thirty Dollars ($30.00) per month during the months of August and September 1953, for the use of the apartment which she was occupying at the time''.

It is doubtful that an appeal lies from that part of this order which gives the wife the temporary custody of the daughter. R. C. M. 1947, section 93-8003, subds. 1 and 2; 27 C. J. S., Divorce, section 324(b), pages 1254, 1255; Brunn v. Brunn, 166 Minn. 283, 207 N. W. 616; Green v. Green, St. Louis Mo. App., 240 S. W. (2d) 741, not to be officially reported.

Counsel for the wife have not, however, raised the question. Accordingly without more we pass to the errors specified.

The record submitted contains none of the evidence or proceedings had at the hearing upon which the order reviewed was made; that is, in addition to this order this court has before it only the moving papers including the wife's affidavit by which initially she supported her motion. We indulge the presumption therefore that competent, credible and sufficient evidence was before the lower court to sustain the order in all particulars as entered. Consistent with that presumption we must affirm, unless on the face of the order itself there is disclosed some fatal defect. Tiffany v. Uhde, 123 Mont. 507, 513, 216 Pac. (2d) 375; Haley v. McDermott, 45 Mont. 217, 218, 121 Pac. 1060; Kellogg v. Kellogg, 170 Cal. 84, 148 Pac. 518.

Further in this same connection we must presume, if the order reviewed does not find support in the motion originally presented as the record shows, that that motion was amended by the evidence taken at the hearing to conform to the proof received and to the order entered thereon. McBride v. School District, 88 Mont. 110, 113, 290 Pac. 252; Skillin v. Harris, 90 Mont. 389, 392-393, 3 Pac. (2d) 1054. For, any pertinent matter actually litigated by the parties at the hearing below upon which the order here reviewed was entered was properly

heard and ruled by the court even though beyond the issues actually tendered by the wife's motion as first made. Curtis v. Zurich General A. & L. Ins. Co., Ltd., 108 Mont. 275, and authorities cited at page 282, 89 Pac. (2d) 1038, at page 1041.

Measured by these controlling decisions the husband's specifications of error in the award of the temporary custody of the daughter to the wife are without merit. In substance these specifications are that the order giving the mother this custody is erroneous, because the motion heard by the court did not request that custody.

On this record, however, and within the rule of the citations ▮ noted, we must presume here that the issue of the temporary custody of the child was actually litigated at the hearing, that competent and credible evidence sufficient to sustain the court's order was received and considered by the court, and that the motion heard and determined was thereby amended to conform to the proof thus submitted. Otherwise on the face of the order itself there is apparent no infirmity. Indeed, it would require a strong showing to warrant the court in taking the custody of a two year old girl from her mother. No such showing is here suggested or made.

The other branch of this appeal brings before us the award ▮ of temporary alimony and attorneys' fees to the wife, which is a final judgment within the meaning of section 93-8003, subd. 1. See State ex rel. McGrath v. District Court, 82 Mont. 463, 465, 267 Pac. 803; Stoner v. Superior Court, 67 Cal. App. (2d) 760, 761, 155 Pac. (2d) 697; St. Laurent v. St. Laurent, 35 Cal. App. (2d) 345, 346, 95 Pac. (2d) 475; 27 C. J. S., Divorce, section 284, pages 1100, 1101; 19 C. J., Divorce, section 757, page 326, note 20; 16 Cal. Jur. (2d), Divorce & Separation, section 155, pages 447-449, sections 273, 274, pages 565, 567; 1 Cal. Jur., Alimony & Separate Maintenance, section 20, page 966.

Again in the absence of the evidence before the trial court we may review only errors apparent on the face of the order itself. But such an error is there to be found, the husband argues

consistent with his specification, because he is ordered to pay two months' rent for the wife's apartment, if she finds herself personally indebted for that rent. Because of the condition here, he says, the whole order for temporary alimony and attorneys' fees becomes so uncertain and indefinite that it is unenforceable and therefore void.

We do not agree. The language of the paragraph for the payment of rent is informal. But we think it nevertheless intelligible. As we understand that paragraph it requires the husband to pay rent for two months at the rate of $30 a month for the apartment where the wife was living at the time of the hearing, but only if it develops later that the wife is in the first instance herself beholden for that rent. What the facts behind the record may be we do not know. Nor are we called upon to inquire beyond the text of the paragraph construed.

But certainly no shadow of ambiguity is cast upon the requirement that the husband pay temporary alimony of $85 a month, because elsewhere he is directed to pay rent in the contingency stated. Nor is there any question suggested on the face of the order that the award of attorneys' fees amounting to $125 is because of this provision either uncertain or unenforceable.

On the other hand it should not be difficult to apply this paragraph itself to the facts as they arise, and thereupon to determine first whether the wife is liable herself to pay the rent of her apartment for the months specified. If so, it is clearly then the obligation of the husband to meet this rent as would be the case were he ordered to pay her grocery bill for these same months, or her accounts for clothing purchased or for any similar necessity of life. The problem involved in the one case is no different than in the other, and in neither is there to be found any uncertainty so great that we must hold this order in any part unenforceable.

Error is not shown. The order reviewed is in all things accordingly affirmed. The respondent shall have her costs of appeal.

300

MR. CHIEF JUSTICE ADAIR, and MR. JUSTICES ANGSTMAN, ANDERSON and BOTTOMLY, concur.