[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGEMENT (#156)
The defendant's motion is addressed to all three counts of the revised complaint or January 10, 1995.
First Count
CT Page 5417
These allegations asserted by the co-owner of a sheepdog against its breeder, claiming that the dog bit off the plaintiff's ear lobe, sound in fraudulent misrepresentation, both expressed and concealed. "[T]he essential elements of an action in common law fraud . . . are that: (1) a false representation was made as a statement of fact; (2) it was untrue and known to be untrue by the party making it; (3) it was made to induce the other party to act upon it; and (4) the other party did so act upon that false representation to his injury. . . . Additionally, [t]he party asserting such a cause of action must prove the existence of the first three [elements of fraud] by a standard higher than the usual fair preponderance of the evidence, which higher standard [is]`clear and satisfactory' or `clear, precise and unequivocal.'. . . Morever, [f]raud by nondisclosure, which expands on the first three of [the] four elements, involves the failure to make a full and fair disclosure of known facts connected with a matter about which a party has assumed to speak. . . ." (Citations omitted; internal quotation marks omitted.) Parker v. Shaker Real Estate, Inc., 47 Conn. App. 489
(1998).
The defendant breeder supports her motion with her own affidavit in which she says that she was unaware of the dog "ever biting or attacking anyone or anything" and that at no time was "she aware of any vicious propensities of the dog." On the other hand, the plaintiff testified at his deposition that the defendant represented to his wife, the co-owner, "that Max was a very good dog, desirable dog, worthy of ownership as a house pet". Whether this language is broad enough to have caused the plaintiff to believe that the dog had no tendency to bite and was intended to induce the plaintiff to purchase the dog is a question of fact for the jury and cannot be determined at this juncture.
In addition the plaintiff has submitted a copy of the agreement pursuant to which the co-defendants, Comen, purchased the dog from this defendant. This document contains the following provision: "buyer agrees not to transfer or sell or dispose of said puppy without first contacting the seller". Moreover, the documentary evidence shows that this defendant, as breeder, participated, if not was instrumental in placement of the dog with the plaintiff. In addition, it appears from the deposition testimony of one, Annie Raker, that it may be the custom in the sheepdog breeding business for the breeder to maintain some responsibility for the dog until the dog dies. CT Page 5418
From this it is clear to the court that there are genuine issues of material fact with respect to representations expressed and information concealed by this defendant, the benefit, if any, which the breeder may have derived from making these representations, and the custom and practice in the industry with respect to a breeder's continuing interest in and responsibility for the dog. The motion is denied as to this count.
Second Count
This count seeks to invoke liability under the dog bite statute, Section 22-357, alleging that by virtue of a fraudulent misrepresentation perpetrated on the co-defendants, the original purchasers of the dog, the sale of the dog from the breeder to the co-defendants was void and therefore the breeder was still the owner of the dog at the time of the bite.
It is noted that the allegations in this count of the revised complaint do not differ materially from those that were stricken by this court on November 9, 1994 (Thim, J.). Thus, as a matter of law, the court determined that § 22-357 does not impose liability on the seller of a dog who is not the dog's keeper. The present owner of the dog has no standing to attack the validity of the contract between the breeder-seller and the former owner because the present owner was not the defrauded party in a commercial sense. A. Sangivanni Sons v. F.M., Floryann Co.,158 Conn. 467 (1969. The motion is granted as to this count.
Third Count
The plaintiff has alleged that the defendant breeder was negligent in failing to warn him of the "dog's dangerous propensities, history and aggressiveness".
"At common law, to sustain an action for injuries caused by a dog, the plaintiff must prove that the dog had vicious propensities and that the owner or keeper had knowledge, or the means of knowledge, of them. Frederickson v. Kepner, 82 Cal.App.2d 905,908; 2 Harper James, Torts § 14.11. The gravamen of the action to recover damages for injuries caused by a dog is notice to or knowledge by the owner that the disposition of the animal is such that it would be likely to commit an injury similar to the one complained of". Bosney v. Klema,
2 Conn. Cir. Ct. 538, 544 (1964). CT Page 5419
While this defendant was neither the owner nor keeper of the dog for the reasons stated in the above discussion of the second count, there are genuine issues of material fact which arise out of the claimed representations which the defendant made, the notice of transfer provision in the sales agreement and the custom and practice in the sheep dog breeding industry. The motion is denied as to this count.
MOTTOLESE, JUDGE