JULIAN E. BAILES, Judge.
The plaintiff, Valerie Villavasso, instituted this action in tort against Arthur J. Bech, seeking to recover damages in the amount of $1,500 for injuries inflicted on him when he was bitten by a small fox terrier dog owned by the defendant.
It is alleged by the plaintiff that on August 20, 1957, as he approached the entrance of the General Electric Supply Company at 4221 Bienville Street in the City of New Orleans to pick up certain materials for his employer, he was bitten on the right ankle by a dog owned by the defendant.
Plaintiff charges the defendant with permitting the dog to run at large without any leash or muzzle and without any dog tag. The defendant, in his answer, admitted ownership of the dog and alleges that his dog was specially trained to guard the contents of his station wagon, which, at the time of the attack, was parked in front of the supply company; that the dog was left inside the station wagon with all windows and doors closed in a manner to retain the dog within; that the plaintiff unlawfully entered the station wagon with the purpose of committing theft of an electric drill; and that the dog attacked the plaintiff in an attempt to protect his master’s property.
It was shown that the dog bit the plaintiff and a small wound resulted. In view of the defense raised by the defendant, the question presented for determination is whether the attack was provoked by the plaintiff.
We feel that no useful purpose would be served by a detailed discussion of the testimony adduced on the trial. The plaintiff denies that he entered the defendant’s vehicle for any purpose at all but claims that he went directly from his vehicle to the steps leading to the supply company office and that as he approached these steps, he was set upon by the dog. An apparently disinterested witness, who was seated in a car in the vicinity of 4221 Bienville Street, contradicts the plaintiff’s testimony in this respect and confirms and verifies the defense that the plaintiff opened the back end of the station wagon. This witness further testified that he saw the plaintiff drop something on the ground while at the rear of the vehicle. The defendant testified that he found his electric drill, which had pre *501 viously been in the station wagon, on the ground at the rear of the station wagon.
As we view the testimony, it is a question of credibility of witnessés. The trial court, who heard the witnesses testify and observed their demeanor and reactions on the witness stand, found that the plaintiff provoked the attack.
We believe this case involves purely a factual question and find no manifest error in the holding of the trial court.
Let the judgment of the trial court, rejecting the plaintiff’s demand, be affirmed at his costs.
Affirmed.