REGAN, Judge.
The plaintiff, William Hicks, filed this suit against the defendant, William Barrow, endeavoring to recover the sum of $25,428.50, representing damages for personal injuries and medical expenses which he asserts were incurred as the result of being attacked and bitten by the defendant’s vicious dog.
The defendant answered and denied that he was negligent in knowingly permitting a dog possessed of a vicious temperament to be kept on his premises.
Frotn a judgment in favor of the defendant, the plaintiff has prosecuted’ this appeal.
The record discloses that on the afternoon of June 6, 1964, the plaintiff visited the defendant’s restaurant and bar located in 2714 Mistletoe Street, in the City of New Orleans, to obtain some beverages. He attempted to enter the front door of the establishment, which he found to be locked. Mrs. Hicks, the plaintiff’s wife, and her friend who accompanied them, decided to sit on a bench located in front of the restaurant while the plaintiff walked around the corner to ascertain if he could enter the side door. He testified that this door was open and when he crossed the threshold thereof, he was attacked by the defendant’s dog.
In consequence of this encounter, the plaintiff incurred wounds to his hand and arm, which he asserted caused various parts of his body to swell. This swelling complicated the wearing of his artificial leg, and he claims to have been forced to abandon his job as the result thereof.
The plaintiff assigns as error the failure of the trial judge to conclude that he proved by a preponderance of the evidence that the defendant’s dog possessed vicious propensities which the owner was aware of and that he did not exercise the proper safeguards so as to restrain the animal. The plaintiff also insists that the defendant’s place of business was open when his encounter with the dog occurred thereby entitling him to occupy the status of a business visitor.
The lower court did not assign written reasons for its judgment. However, at the termination of the trial, the judge thereof remarked that his judgment would depend (1) on whether the defendant’s establishment was closed when the injury occurred, and (2) if it was not, whether the defendant breached any duty owed to the plaintiff under the circumstances.
*419 The evidence inscribed in the record fails to reveal that the defendant possessed knowledge of any vicious propensities on the part of his dog. It only discloses that the dog occasionally barked at passersby, but there is not one scintilla of admissible or credible evidence to even imply that the dog on any occasion ever attacked anyone.[1]
In view of the decree rendered by the trial judge, we are convinced that he concluded as a matter of fact, as we do, that the defendant did not possess any prior knowledge of the dangerous or vicious propensities of the animal.
The second issue posed for our consideration is whether the plaintiff was entitled to the status of a business visitor when he entered the defendant’s restaurant through a side door, and if so, whether there was any breach of the duty owed by the proprietor thereof to one of his patrons. This issue, of course, turns upon a question of fact, and that is, whether the defendant’s restaurant was open or closed when the incident occurred. The evidence adduced in connection therewith is quite contradictory. There is no doubt that the front door to the establishment was closed and locked. The plaintiff, as we said, walked around to a side door, and he insists that on other occasions he used this entrance to gain access to the restaurant. This, of course, is denied. However, the evidence is likewise in conflict as to whether this entrance was ever intended for use by the public. The defendant was not on the premises when the plaintiff was injured, but his wife was. They resided in the rear of the establishment, and Mrs. Barrow was in the restaurant’s kitchen, preparing food in anticipation of opening that evening according to the defendant. His wife did not appear herein and testify. In view of these nebulous facts, we are compelled to conclude that the evidence as to whether the defendant’s establishment was open or closed is irreconcilable.
The plaintiff asserts that the defendant’s failure to produce his wife as a witness herein raises the presumption that her testimony would have been unfavorable to him. If any such presumption was created, its effect, in our opinion, did not have sufficient probative value to make out a case for the plaintiff when his more positive evidence failed to do so.[2]
In any event, the foregoing elucidation reveals, principally, that only questions of fact were posed for the trial court’s consideration. The judge thereof obviously accepted the defendant’s version of the manner in which the injury occurred, and therefore concluded that the defendant was not aware of any dangerous or vicious propensities possessed by the animal and that the establishment was actually closed when the incident occurred, thereby denying the plaintiff the status of a business visitor therein.
The question which this appeal has posed for our consideration is whether those findings by the trial court are so erroneous and unsupported by the evidence as to war- ■ rant a reversal by us.
We are of the opinion that no useful purpose would be served by indulging in a protracted discussion of the foregoing testimony or by endeavoring to reconcile the respective litigants’ versions of the facts which were adduced herein. The trial judge accepted the defendant’s version thereof, and our analysis of the record convinces us that the evidence simply pre *420 ponderates in his favor and the judgment is therefore correct.
For the foregoing reasons, the judgment of the lower court is affirmed, and the plaintiff is to pay all costs incurred herein.
Affirmed.

. The only evidence offered by the plaintiff to establish the fact that the dog bit someone was the alleged statement of the nurse of the doctor to whom the plaintiff was sent after the injury that this was the second time such an occurrence had taken place. However, this nurse was not produced, and the only evidence of such a statement by her came from the plaintiff himself.

. See Indiana Lumbermens Mut. Ins. Co. v. Darcental, La.App., 70 So.2d 460 (1954).