SARTAIN, Judge.
Plaintiff, Gloria Jan Osoinach, brought this action for personal injuries allegedly resulting from a confrontation with defendant Roth’s pet German shepherd. Roth’s liability insurer, Liberty Mutual Insurance Company, was also named as a defendant.
The trial judge granted a summary judgment in favor of the defendants, based on the pleadings and the deposition of plaintiff, and we affirm that judgment.
On September 21, 1968, plaintiff was employed by the Richards Company, a New Orleans company, as a door-to-door sales representative soliciting orders for American People’s Encyclopedia in the Baton Rouge area where defendant Roth’s residence was located. The residence was completely surrounded by a chain link fence and plaintiff let herself into the yard through the front gate. About half way between the gate and the front door, the dog came into the front yard and began barking and jumping at the plaintiff, who then ran back to the gate and let herself out. She alleged that she was bitten more than once and that the dog broke the skin on her arm and ribs and also bruised her hip.
Plaintiff admitted that she did not know any of the Roth family, that she had not received any invitation or permission to come to their house and that the visit was not in response to any request by the Roths for information about an encyclopedia. She merely came across the residence by chance in connection with her door-to-door solicitation.
Plaintiff contends that liability should be predicated on defendant’s failure to post a warning sign on his fence, his failure to have the dog tied or chained and his failure to train the dog not to attack people. However, it is not even alleged that the dog had ever injured anyone previously or that Roth knew or should have known that his dog was vicious or dangerous. Roth in fact alleged in his answer that the dog had not previously injured anyone and was generally friendly but was possessed of a protective attitude toward his owner’s person and property characteristic of the breed.
The following is a portion of the trial court’s reasons for judgment:
“First, the animal was fenced in as required by law. In addition, while Miss Osoinach could not be considered a criminal trespasser in the usual sense of the word, it must be conceded that she had no legal right to enter Roth’s property. She was in fact a trespasser and to her no duty was owed other than not to inflict intentional injury upon her person. Eldridge, Tort Liability to Trespassers, 12 Temp.L.Q. 32; Cannon v. Mengal, 8 La.App. 375 (1928); Gosey v. Kansas City Southern Rwy., 100 So.2d 311 (La.App.1958); Prosser, Law of Torts, 435 *451 (2d Ed. 1955). Also see 18 La.Law Review 718 and 25 La.Law Review 47.
“The most important feature of this case and that which should have signaled a warning to the petitioner was the existence of the chain link fence surrounding the defendant’s property. The erection of a fence must have some significance to a stranger not otherwise being privileged to be on another’s property. A fence normally evidences a wish on the part of the landowner, for whatever reason, to be accorded privacy in the use of his property. Except in rare or extreme circumstances he should not be liable to those who invade this privacy.”
We have also been referred to the case of Montgomery v. Koester, 35 La.Ann. 1091 (1883), in which the plaintiff was allowed to recover for injuries where the defendant’s watchdogs escaped from his property and attacked plaintiff on a public highway. But the Court made the following statement, at page 1093:
“Defendant’s right to keep the dogs is not questioned. They were necessary and proper for the protection of his premises in their situation on the outskirts of the City. If, while loosed at night, they had bitten a person trespassing, or even negligently coming, upon his premises, defendant would not have been liable.”
Recovery was also allowed in Mercadel v. Phoenix of Hartford Insurance Company, 144 So.2d 670 (4th La.App., 1962), where an invitee was injured, the owner’s premises were unenclosed and the dog was not properly restrained.
However, in Villavasso v. Bech, 144 So.2d 500 (4th La.App., 1962), recovery was denied, where the plaintiff was bitten by defendant’s dog, which was inside his station wagon and had been trained to protect the contents thereof, and it was found that plaintiff, without right, had opened the rear of the automobile.
Likewise, in Hicks v. Barrow, 208 So.2d 417, 418 (4th La.App., 1968), recovery was denied, where plaintiff found the front door of defendant’s restaurant and bar locked, tried to enter by the side door and was bitten by defendant’s dog within. It was found that the defendant had no prior knowledge of the dog’s propensity to bite and was not at fault for failing to take steps to restrain it.
In view of the above authorities, we find that the granting of a summary judgment in this matter was amply justified. The judgment appealed from is affirmed, at plaintiff-appellant’s costs.
Affirmed.